## COFFMAN v. COFFMAN.

### No. 2769.

Court of Civil Appeals of Texas. Beaumont.

May 23, 1935.

W. R. Blain, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

COMBS, Justice.

This is the second appeal of this case. See Coffman v. Coffman (Tex. Civ. App.) 71 S.W.(2d) 331.

Appellee, as plaintiff, sued appellant for divorce. On a trial to the court without a jury the divorce was granted, and the defendant has appealed.

Only two issues are presented by this appeal; the first being the sufficiency of the plaintiff's petition to state a cause of action for divorce, and the second being the sufficiency of the evidence to support the judgment.

Plaintiff's petition alleged in general terms a course of "excesses, cruel treatment and outrages" of such a nature as to render the further living together of plaintiff and defendant insupportable. It is now the rule in this state that a petition for divorce which alleges in general terms the statutory grounds under subdivision 1 of article 4629, Vernon's Ann. Civil Statutes, is good as against a general demurrer. And where a district court has heard evidence and awarded a judgment of divorce upon such a petition the decree is valid. McCullough v. McCullough, 120 Tex. 209, 36 S.W.(2d) 459.

■ Plaintiff's proposition complaining of the insufficiency of the evidence to sustain the judgment is also overruled. No good purpose would be served by reviewing the evidence. Suffice it to say that appellee's testimony, if believed by the trial court, showed certain specific instances of cruel treatment, as well as a continued course of bickering and quarreling, indicating the impossibility of appellant and appellee ever living together again in domestic harmony. The trial judge had the parties before him and listened to their testimony. He twice tried the case and each time granted the divorce. He having deemed the evidence sufficiently full and satisfactory to meet the requirements of the statute, we cannot say, on the record before us, that his judgment is without support.

The judgment of the trial court is in all things affirmed.