## BELL v. BELL.
### No. 1963.

Court of Civil Appeals of Texas.  Eastland.

Dec. 22, 1939.

Fred O. Jaye and Frederick G. Harmon, both of De Leon, for appellant.

Oxford & McMillan, of Stephenville, for appellee.

LESLIE, Chief Justice.

Mrs. Pearl Bell instituted this suit for divorce and her interest in community property against her husband, R. W. Bell. The grounds for divorce were alleged to be acts of personal violence accompanied by threats and abusive epithets inflicted upon her.  The defendant answered by general demurrer, general denial and specially denièd the allegations relating to in-habitancy in the state and residence in the county required by Art. 4631, R.S.1925, Vernon's Ann.Civ.St. art. 4631.

The trial was before the court without a jury and at the conclusion thereof a decree was entered granting plaintiff a

divorce, together with attorney's fee of $50 and one half of the community property amounting to $150. The defendant appeals. The parties will be referred to as in the trial court.

There are three assignments of error and they will be disposed of in their order.

The first one is to the effect that the decree of divorce was erroneously entered on "uncontradicted" testimony showing "the plaintiff was not possessed with the qualifications of a bona fide inhabitant of the state of Texas for one year and of the county for six months necessary to authorize the bringing of an action for divorce and the awarding of a judgment thereon."

■ If the plaintiff's testimony is to be believed there is no question about her presence and residence in the county during the relevant six months' period. If there is any doubt concerning either jurisdictional fact it relates more to the one year's inhabitancy of the state. This seems to have been the second time these parties entered into the matrimonial relation. This last marriage took place September 23, 1937 at Winters, Texas. Apparently they resided there for a while and at Snyder, Texas, then went on a trip to south Texas. On this trip they seemed to have disagreed at Beeville, Texas, where they separated about January 5, 1938. Having no home and the burden of caring for a small child by a former marriage, the plaintiff stayed for a short while with her mother at Mineral Wells and then went to New Mexico where a sister resided. She had some assurance of temporary employment in a beauty shop at that place which furnished some opportunity for schooling in that type of work. Being in straitened financial circumstances and her health impaired she went there for the purpose of bettering her condition in each respect, so she testifies. She further testified that she had lived in Texas practically all her life. She denied that she at any time had entertained the idea of establishing actual residence and inhabitancy elsewhere. That her testimony covered these points in a manner favorable to the plaintiff is clearly reflected by the record and conceded by the defendant. We find in his brief the following: "We think this witness's testimony taken as a whole was a fabrication with a view to establishing or attempting to establish her qualifications relative to her inhabitance of the state and residence in the county for the purpose of obtaining a decree of divorce." If this is a correct interpretation of the record the evidence certainly raised an issue of fact which the trial court has disposed of. That court had the power and duty to pass upon the credibility of witnesses and the weight to be given to testimony.

■ From the latter part of January to about the first of May, or soon thereafter, plaintiff was with her sister in New Mexico under the circumstances above detailed. That such was but a temporary visit under adverse circumstances and without any idea of establishing inhabitancy in that state is evidently the conclusion of the trial court and the finding that she did not by her visit there lose her residence in Texas is supported by the testimony. Such conclusion is warranted by good authority. Fox v. Fox, Tex.Civ. App., 179 S.W. 883; Snyder v. Snyder, Tex.Civ.App., 279 S.W. 897; Snead v. Snead, Tex.Civ.App., 27 S.W.2d 268.

■ Doubtless this court is not necessarily bound by the trial court's conclusions on such matters of evidence but "in passing on the sufficiency of the evidence the appellate court should give much difference to the conclusions of the trial court of jury as respects the credibility of witnesses, since they have an opportunity to observe the general manner and deportment of the witnesses during the trial." 15 Tex.Jur. p. 556, sec. 89, citing many authorities in foot note.

The second assignment is that the court erred in awarding plaintiff a decree of divorce because the facts clearly disclose that the defendant had not been guilty of such cruel and tyrannical treatment as to justify the granting of the same.

■ By pleadings and testimony the plaintiff charged the defendant with acts of personal violence and the use toward her of violent and abusive epithets. If the testimony of plaintiff is to be believed it convicts him of the charges made. Though present in the court at the trial he did not take the stand and deny the charges. The trial court, with the parties before it, was in better position to appraise this testimony, as above noted, than this court is upon the record before us. It does not appear from the testimony that the trial court in announcing his conclusions abused his discretion.

■■ Under this assignment the defendant insists that the uncorroborated testimony of one of the spouses does not meet

the requirement that the evidence to warrant a divorce must be "full and satisfactory" etc. This contention is predicated upon the language of Art. 4632, R.S.1925. We think this statute containing the expression "full and satisfactory evidence" has been properly interpreted in discussion thereof by Judge Speer in his "Law of Marital Rights in Texas", p. 764, sec. 618, wherein it is said: "The rule requiring full and satisfactory evidence, however, does not alter the ordinary rules of evidence so as to preclude the introduction of any character of evidence that is ordinarily admissible; it relates rather to the sufficiency of the evidence than to its evidentiary character. And all that is required is the proof of the substance of the issue as in other civil cases." Further, on page 767, sec. 620, in the same text, the author, discussing parties as witnesses, says: "Under the present statute a divorce may be granted upon the sole testimony of one of the parties if there be no collusion." This last statement was made in special reference to Art. 4633, R.S.1925. Whatever may be said of the record before us there is no suggestion of any collusion between these parties.

The third assignment raises the question of variance between the pleadings and the testimony. It is urged that the trial court erred in "permitting plaintiff to introduce in evidence a deed of conveyance executed by V. V. Bell et al to the defendant R. W. Bell * * * because the property therein described was not shown to have been properly described in the plaintiff's first amended petition." On the question of community property owned by these litigants the plaintiff alleged "that during their marriage the defendant purchased the east 25 feet of lot 13, block 19, original survey in the city of DeLeon, Comanche County, Texas, which property is community property of the plaintiff and defendant * * *." In making her proof the plaintiff introduced in evidence the particular deed of conveyance but the land described therein is the east part of the lot, 18x57 feet. Briefly the allegations relate to a tract on the east side of the lot 25 feet wide, and the deed embraced only the east 18 feet of the lot.

As stated, the court admitted the deed in evidence and the judgment as rendered recites: "And it further appearing to the court that the defendant owns a lot located in the town of DeLeon in Comanche County, Texas, referred to in the plaintiff's petition as the east 25 feet of lot 13 in block 19, original survey, town of DeLeon, Comanche County, Texas, and *properly described as follows:* All that certain lot, tract * * * [here follows a correct description by metes and bounds as stated in the deed of a tract 18x57 feet, etc.]" (Italics ours.)

A variance is not material, unless it is so misleading as to prejudice the party in his action or defense on the merits. Here the very land owned by the defendant or covered by his deed was embraced in the description in the pleading, of which he had long had notice. He could not have been surprised or misled. And unless a variance has such effect it would not constitute a reversible error.

As said by our Supreme Court in First Nat. Bank v. Stephenson, 82 Tex. 435, 18 S.W. 583, "A variance between the allegation and proof which ought not to have misled the adverse party to his prejudice is not material. It must be such as to mislead or surprise the opposite party."

For numerous authorities to the same effect, see under subject of Pleading, 30 Tex.Dig.,  Also, Kelsey v. Myers, Tex.Civ.App., 29 S.W.2d 855.

For the reasons assigned, the judgment of the trial court is affirmed.