**TIMS v. TIMS.**

No. 5771.

Court of Civil Appeals of Texas. Amarillo.

April 11, 1947.

Rehearing Denied May 12, 1947.

W. F. Nix, of Amarillo, for appellant.

W. T. Brothers, of Amarillo, for appellee.

PITTS, Chief Justice.

This is a suit for a divorce and the custody of two minor children. The case was tried to a jury which found that because of cruel treatment to appellee, Opal Tims, by appellant, Gilbert Tims, she was entitled to a divorce from him; that appellee was entitled to have the custody of the two minor children; that appellant should be required to pay $50 per month for the support of the two minor children and that all of the household furniture belonging to the parties should be awarded to appellee.

The trial court followed the findings of the jury and rendered judgment accordingly from which judgment appellant perfected an appeal to this Court; however, he has not appealed from the issue of divorce. He charges in four points of error that the trial court abused its discretion in awarding the appellee the custody of the children and the community household furniture and in requiring him to pay $50 per month for the support of the said children; that the sum fixed for the support of the children is unreasonable, cannot be performed by him, and that such an allowance is not supported by the pleadings or the evidence; that the trial court did not have jurisdiction to divest title to the personal property out of appellant and into appellee, and that the trial court erred in requiring the payments for the support of the children to be made retroactive by its judgment.

The record reveals that the trial court permitted the parties much latitude in developing the facts in this case and that the witnesses heard were appellee, her parents, her sister, appellant, his mother, and his sister. The said two minor children, Margie Sue, age eleven and in the sixth grade at school and Don Edwin, age ten and in the fourth grade at school, also testified.

The record further reveals that the parties were married July 29, 1928; that their oldest child is a daughter who was married and lived in the State of Missouri; that they have an older son more than fourteen years of age who has lived with his father and his father's relatives since the separation of his parents on July 10, 1946; that after they married the parties had lived on farms at several different places on the Texas Plains, and that appellant had either farmed for himself or had been employed on a farm until several years before their separation when they moved to Amarillo where the children attended the public school and appellant worked for the American Smelting and Refining Company until some time after their separation; that appellee had engaged in some light work for meager wages during a part of the time they had lived in Amarillo; that appellee had undergone surgery in recent years and her health was not good.

In some instances the evidence was conflicting but we find nothing in the testimony that would indicate that appellee is not a fit and proper person to have the custody of the two minor children in question and that is the paramount issue for our consideration here. Where evidence is conflicting the trier of facts has the exclusive function of determining the credibility of the witnesses and the weight to be given to their testimony. Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297. In this case the jury was the trier of facts. The trial court was not bound by the findings of the jury on the issues of custody of the children or the division of the property but the trial judge evidently agreed with the jury and followed its findings. The trial court has broad discretionary powers in awarding the custody of minor children and making disposition of community property in a divorce case. The awarding of custody of minor children in such a case as this is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368 (and other authorities there cited. In this case the

evidence showed that the parents of appellee were willing and able to help appellee care for and school the two children in question and that the mother and sister of appellant were likewise able and willing to help care for and school the said children if they were awarded to appellant. The evidence further reveals that appellant is a big strong man and that he sometimes used physical force upon his wife in order to control her acts and will power and to compel her to obey his wishes and that on certain occasions he had resorted to such violence upon her in the presence of the two minor children herein named. Such a practice is condemned by both English and American jurisprudence, and has always been condemned by the Texas courts. Mortensen v. Mortensen, supra. The evidence further reveals that appellant often used corporal punishment upon the children and that sometimes such punishment was quite severe, all of which may have indicated to the jury and the trial judge that appellant was a man of a violent temper and was sometimes unreasonable. This Court recognizes the necessary rule of securing obedience to authority in the matter of the discipline of the children of a family and that without obedience government in the home, school and the nation will be impossible. In some instances it may be necessary to spank the child at one time or another in order to secure such obedience. Usually such will not often be necessary if the parents begin early in the child's life to teach it obedience by the process of proper reasoning and thus teach it respect for authority and willing obedience to the rules of government. We do not approve of severe corporal punishment in order to secure such results in the rearing of children and we do not believe such results can be secured by such means. Both the jury and the trial court concluded after hearing all the testimony that it would be for the best interest of the said children that they be awarded to the appellee, their mother, and the evidence supports their conclusion in this matter. Appellant's points to the contrary are therefore overruled.

In her pleadings appellee asked for support and maintenance of the children in "a sum of not less than $20 per month for each of the children", but she did not fix a maximum limit on the amount requested. In her testimony she asked for at least $20 per month for each child but fixed no maximum sum for their support. Appellant's attorney proved by appellee's father on cross-examination that $40 per month for the two children in question would probably not be enough to support and maintain them. Appellant admits that $50 per month is not too much for the children but contends that he is not financially able to pay that sum. The evidence reveals that appellant is thirty-nine years old and that he is a strong man able to work. He testified that when he worked for the smelter in Amarillo his monthly wages were from $180 to $200 per month after deducting the withholding tax. He further testified that if he were given the custody of the two children in question he would take them to live with his mother in Hedley, Texas, and that he would bring home "enough butter and eggs and milk, and shoes and stockings, etc." to support them. When appellant's mother was asked as a witness about how much money appellant earns she replied, "I don't know exactly how much, but I know he makes enough money that he can take care of the three children if necessary". Appellant testified that since he quit working for the smelter at Amarillo he had been working with his brother on the farm and that he had been trying to find a farm for himself to work on a "50-50 basis" but had not found such a farm. It is our opinion that both the pleadings and the evidence support the findings of the jury and the trial court that appellant should pay $50 per month for the support of the children and that the trial court did not abuse its discretion in fixing the monthly sum for the support and maintenance of the two children at $50 per month. Especially is this true in view of the fact that this is a matter resting within the future control of the trial court and that the amount can be later reduced if the trial court sees proper. Hays v. Hays, Tex.Civ.App., 123 S.W.2d 968.

Appellant is in error in his contention that the trial court did not have au-

thority to divest the title to the household goods out of appellant and into appellee. In a case such as this the trial court is vested with wide discretion in the disposition of any personal property of the parties and its action in the exercise of such jurisdiction should not be disturbed on appeal unless an abuse of discretion on the part of the trial court is clearly shown or that the disposition made of some of the property is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; McGarraugh v. McGarraugh, Tex.Civ. App., 177 S.W.2d 296, and other authorities there cited. The trial court did not abuse its discretion in awarding the household furniture to appellee in this case.

We do not agree with appellant that the judgment of the trial court requiring the payments for child support to be made by appellant is retroactive and that the trial court erred in so holding "in view of the proof that appellant had no money, no job, and no property at the time" as contended by him. The trial court's judgment reveals that the trial of the case began on October 23, 1946, and was concluded on the following day. It appears that following the verdict of the jury appellee filed a motion for judgment and that on October 24, 1946, appellant filed a motion to set aside the verdict of the jury which motion of appellant was by order of the trial court overruled on November 1, 1946. In the order overruling appellant's said motion, the trial court there found that the law and the facts were with appellee and against appellant. The trial court's judgment requires the payment for child support in question to begin on or before November 1, 1946, and to continue on the first day of each succeeding month until the children attain the age, respectively, of sixteen years. Although the judgment recites that the trial was had on October 23 and 24, 1946, it is dated at the bottom for some reason November 11, 1946. It shows to have been entered in the minutes of the court but it does not show any file mark or the date of the entry. The record shows that on November 2, 1946, appellant filed a motion for a new trial alleging that the motion was being filed within two days "after the entry of judgment herein" and that he filed an amended motion for a new trial on November 7, 1946, both of which were overruled by the trial court on November 20, 1946. Appellant was put on notice by order of the trial court on November 1, 1946, in its order overruling his motion to set aside the verdict of the jury and stating that the law and the facts were with appellee and against him. Surely he then knew that he had lost the lawsuit in the trial court. The fact that appellant filed his motion for a new trial on November 2, 1946, and alleged that the same was being filed within two days "after the entry of judgment herein" would certainly indicate that the judgment had already been entered on November 2, 1946, and that appellant had knowledge of its contents. But, be that as it may, appellant testified that he had lived with his relatives since he and his wife separated and had not contributed but $10 in money and clothing of the value of $10.78 to the support of his said two minor children since the separation on July 10, 1946. It was admitted before this Court that he still had not contributed anything more to the support of his said children because as he stated he did not have anything to help them with. Yet he was quite critical of the manner in which appellee was trying to care for the children and the place she was trying to live on the limited funds she had. Under the record in this case appellant is not justified in his contention that the trial court erred in making its judgment retroactive and under the facts in this case he cannot excuse himself for his failure to help to support his said two minor children on the claim that "he has no money, no job and no property."

After a careful examination of the record and the assignments of error, all of appellant's points of error are overruled and the judgment of the trial court is affirmed.