**HODGES v. HODGES.**

No. 14907.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 9, 1948.

Rehearing Denied Feb. 6, 1948.

Pevehouse & McCall, of Corsicana, for appellant.

M. Hendricks Brown, of Fort Worth, for appellee.

.SPEER, Justice.

Plaintiff, Annie Hodges, instituted this suit against defendant, Charley W. Hodges, for divorce, division of property and attorney's fees. The petition alleged marriage and residence, including all statutory qualifications.

Defendant presented no special exceptions to the petition but answered by general denial and specially (1) condonation; (2) that if defendant was guilty of any wrongs as alleged in the petition they were brought about by the conduct of plaintiff; and (3) that plaintiff was at the time of trial employed and was financially able to pay her own attorney's fee.

Trial was to the court without a jury and judgment for divorce was granted on the petition and evidence heard, a division of the community property amounting to approximately $3500, and attorney's fees against defendant for $250.

The defendant seeks reversal upon three points of error. Nos. 1 and 2 may be discussed together; they are in substance: (a) It was error for the court to enter judgment for divorce on the ground of defendant's cruel treatment without "a finding of fact in the court's findings of fact and conclusions of law that defendant was guilty of such cruelty as rendered living together insupportable"; and (b) it was error for the court to enter judgment for divorce upon a mere preponderance of the evidence without a finding by the court that the evidence was full and satisfactory.

At the request of defendant the trial court filed findings of fact and conclusions of law. The fact findings are substantially that: The parties were legally married in 1916 in the State of Florida; defendant came to Texas in 1929 and left plaintiff and three children in Florida for about ten months; defendant never at any time asked plaintiff to come to him in Texas but wired her not to come; after remaining in Florida about ten months, plaintiff and her three children came to the town in Texas where defendant resided and defendant did not meet them but his brother met the plaintiff and children and thereafter plaintiff and defendant lived together

in Corsicana, Texas until sometime in 1945 when plaintiff left defendant and came to Tarrant County; the parties had many quarrels and difficulties during the time they lived at Corsicana; since plaintiff came to Tarrant County they have lived separate and apart; on numerous occasions the defendant had beaten his wife and on one occasion she was sitting in a car with a girl friend and a man drinking beer and the "defendant proceeded to beat her up and black her eye"; when they lived in Corsicana "on several occasions he beat his wife up unmercifully and the police were called to their house to protect her"; some of the acts of defendant were condoned by plaintiff and that such condonement was brought about by plaintiff's fear of defendant; but that none of the acts of cruelty committed since plaintiff came to Tarrant County have been condoned by her; defendant on several occasions carried a pistol and at one time threatened to do plaintiff serious bodily harm with the pistol, which caused her to fear for her life; after this suit was filed, defendant told plaintiff that if she beat him in the law suit he would kill her in the court room and that if he beat her he would kill himself; plaintiff has worked in various cafes in Fort Worth; defendant has sent money on various occasions to the plaintiff since they separated. In a lengthy finding the community property and community debts are enumerated, leaving a balance of community property to be divided of $3578, and that defendant had previously given to plaintiff a certain Chevrolet automobile and certain household goods; a reasonable attorney's fee of $250.

He concluded as a matter of law that defendant's conduct was such as to render their further living together as insupportable and that plaintiff is entitled to a divorce on the testimony in the case; that the Chevrolet automobile and household goods had been given to plaintiff by defendant and that she was entitled to recover her attorney's fees of $250.

We have carefully read the statement of facts in this case and the evidence supports the findings of fact and conclusions of law by the court and judgment entered.

No witness other than plaintiff and defendant testified relative to the matters complained of by plaintiff. The testimony of plaintiff reveals that the physical cruelty of defendant in beating her from time to time on occasions and dates enumerated by her is positive in its nature, while that of defendant is more or less evasive. For instances: By some phases of his testimony we note that in an inquiry by his counsel in which he enumerated the many occasions that plaintiff claimed defendant had beaten her, he concluded his question "State to the court whether or not that is true or untrue" and the defendant answered, "It is untrue, most of it, yes, sir." Again upon being asked "But as far as taking your fists or any other instrument and beating her *unmercifully*, it has not been done has it?" he answered, "No." Defendant also testified that he had not threatened to do plaintiff any violence within the last few days (before trial); he also said "No, sir, I have not threatened her life at all, at no time, that I can think anything about." On cross examination he said he did not remember the occasion of whipping her on the night she was at the Dixie Club; he said he did not remember hitting her, that if he did he must have been mighty drunk but that he did not drink so much.

As best we can gather from defendant's brief he argues under his first point that no judgment should have been entered because the court did not *find as a fact* that defendant was guilty of such cruelty as rendered living together insupportable. In a divorce case whether or not the conduct of the parties is such that their living together as husband and wife is insupportable is one of fact, but it appears that the court placed that expression in his conclusions of law.

In support of this contention defendant cites us to Rule 299, Texas Rules of Civil Procedure, and relies upon that part of the rule which reads: "Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption

of finding upon any ground of recovery or defense, no element of which has been found by the trial court; * * *." That same rule further provides: "But where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal."

■ Defendant made no exception to the findings and conclusions of the trial court and made no request for additional findings of omitted elements of fact, and from the fact findings by the court above pointed out it is quite obvious that he did find substantially all of the elements which he concluded rendered their further living together as husband and wife insupportable.

We overrule the assigned error under authority of West Texas Utility Co. v. Haynes, Tex.Civ.App., 20 S.W.2d 236; Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982; Moore v. Moore, Tex.Civ.App., 177 S.W.2d 998; Waters·v. Yockey, Tex. Civ.App., 193 S.W.2d 575. ·

The second point grouped with the first complains because the trial court based most of his findings upon a "preponderance of the evidence," without making a finding in so many words that the evidence was full and satisfactory.

■ Under the provisions of Art. 4632, R.C.S., a judgment for divorce must be rendered upon full and satisfactory evidence relating to the material facts alleged in the petition. In a divorce case either party may demand a jury trial and although a jury may return a verdict which has support in the evidence, yet such verdict has been said to be only of an advisory nature to the trial court. Before granting a divorce the court must be satisfied that the evidence is full and satisfactory. In some respects the rule governing the sufficiency of the evidence is different from that in other civil cases—that is, it must be more definite and conclusive than in other civil cases. Burns v. Burns, Tex.Civ.App., 76 S.W.2d 821; Hickman v. Hickman, Tex. Civ.App., 20 S.W.2d 1073; Yosko v. Yosko, Tex.Civ:App., 97 S.W.2d 1023; Caywood v. Caywood, Tex.Civ.App., 290 S.W. 889; Buckner v. Buckner, Tex.Civ.App., 27 S.W. 2d 311; Day v. Day, Tex.Civ.App., 142 · S.W.2d 394. It has been held that the appellate court as well as the trial court must be satisfied that the evidence is full and satisfactory. Yosko v. Yosko, Tex.Civ.App., 97 S.W.2d 1023. A jury verdict based upon special issues is not binding upon a trial court in divorce cases; he may reject such verdict if in his opinion the evidence is not full and· satisfactory. Likewise the appellate court may reject the findings of fact by the trial court when no jury is had, unless it be considered that the evidence is full and satisfactory and supports the judgment entered. However, deference should be given to the fact findings of the trial court as respects the credibility of witnesses. Where no jury is had, as in this case, the trial court hears and determines the fact issues. Caldwell v. Caldwell, Tex. Civ.App., 176 S.W.2d 758.

■ We have been cited to no rule of law, nor have we found such, which requires the trial court to declare affirmatively in his fact findings or in his conclusions of law that the evidence upon which he bases his judgment is full and satisfactory.

This brings us to defendant's third point of assigned error, which reads: "The trial court erred in rendering judgment against the appellant (defendant) for attorney's fees for appellee (plaintiff) without sufficient evidence in the record to support such award."

In his brief defendant argues that no attorney's fees should have been awarded to plaintiff because the witness who testified based his opinion of the amount of a reasonable attorney's fee upon a recitation of certain facts related to him by plaintiff's counsel referable to the nature of the services performed in the case, and since the recitation of those facts by plaintiff's counsel was not in evidence there was no basis for the opinion of the witness. We have carefully read the statement of facts and find that the witness was only willing to give an opinion after counsel should give him certain information about the case. Counsel recited many things which the rec-

ord discloses and added that he had had many conferences in the office with plaintiff about the case but had made no outside investigation of the facts.

In the very nature of the situation under consideration the testimony of the local attorney who testified in the case was at most opinion evidence. In arriving at the amount of a reasonable fee he needed to know something of the amount in controversy as well as the nature of defense urged against plaintiff's petition, all of which were revealed by the record. Of necessity the witness was aware that a trial was in progress with defendant contesting plaintiff's petition. It is equally true that such an expert witness would have been aware of the necessity of conferences between plaintiff and her counsel, and as we view the situation when the witness was advised of such consultations he was not apprised of a fact which he did not know would necessarily exist.

Irrespective of what the expert witness may have said would be a reasonable fee, the trial court was not necessarily bound by his opinion but could name a reasonable fee from his own knowledge and experience in such matters different to the amount named by the witness. Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929, 932. In defendant's answer he pleaded in effect that plaintiff was employed and able to pay her own attorney's fees and therefore he should not be called upon to pay them. In the last cited case this court had occasion to discuss somewhat at length the law applicable to the husband being liable for reasonable attorney's fees when sued by the wife for divorce and division of property. Many cases were cited and discussed in that opinion relative to attorney's fees in divorce cases and it was held that while there is no statutory provision in our laws for the recovery by the wife of an attorney's fee to cover her expense for prosecuting her suit for divorce, yet such fees are denominated as necessaries under Art. 4620 et seq., R.C.S., for which the husband is responsible.

Viewing this whole record as we do, we think the trial court found facts which constituted substantially all of the elements of a breach of the conjugal relationship between plaintiff and defendant which would render their ever thereafter living together as husband and wife insupportable. There is no complaint of the division of property. There were no requests by defendant for findings on omitted facts which he might have desired the court to determine. There was no evidence of condonation by plaintiff. The evidence is abundantly sufficient to meet the requirements of being full and satisfactory upon the material points in the case. We see no error in the manner in which the court arrived at the reasonableness of the amount set by him as attorney's fees. For these reasons and under the authorities cited, we overrule all points of error and affirm the judgment of the trial court.