## LINDSEY v. LINDSEY.

No. 6027.

Court of Civil Appeals of Texas. Amarillo.

Jan. 16, 1950.

Rehearing Denied Feb. 20, 1950.

Boling, Smith & Allen, Lubbock, for appellant.

Chappell & Chappell, Lubbock, for appellee.

PITTS, Chief Justice.

This appeal is from a divorce judgment on the alleged grounds that the judgment is not supported by the pleadings or the evidence. The parties were married on July 5, 1941, and lived together until June 17, 1949. Two children were born to the marriage, namely, Maxine, age 6, and Douglas, age 4, and the parties own a small community estate consisting partly of a small home. On June 27, 1949, appellee, Irene Lindsey, filed suit for a divorce alleging as grounds for such cruel treatment on the part of her husband in the nature of personal violence inflicted upon her by him, whom she likewise alleged cursed and abused her, for all of which reasons she alleged rendered their further living together insupportable. On July 6, 1949, appellant, David Lindsey, answered denying generally appellee's allegations and sought by a cross action a divorce from appellee on the grounds that she had been unfaithful to him as a wife in violation of her marital vows. The case was heard by the trial court without a jury and judgment was entered for appellee granting her a divorce, awarding her the custody of the minor children with visiting privileges allowed the father who was likewise required to help support the children and appellee and the children were also awarded the use of the home. Appellant perfected his appeal solely on the grounds that the pleadings and evidence do not support the trial court's judgment.

The general rules as to sufficiency of pleadings and quantum of proof applicable to civil cases generally do not apply to divorce cases in this State. The statute itself, Article 4632, Vernon's Annotated Civil Statutes, usually governs in such cases, and provides that such decree be granted only upon full and satisfactory evidence. Cohen v. Cohen, Tex.Civ. App., 194 S.W.2d 273. In such cases the trial court is given more discretionary power in determining the sufficiency or insufficiency of pleadings and evidence. The rule is likewise well established that a deficiency of plaintiff's pleadings may be supplied by defendant's pleadings in support of a judgment and appellate courts will not interfere if such be the case. American Nat. Bank of Wichita Falls v. Haggerton, Tex.Civ.App., 250 S.W. 279; Shaw, Banking Com'r, v. Borchers, Tex. Com.App., 46 S.W.2d 967; Kutzschbach v. Williamson County, Tex.Civ.App., 118 S.W.2d 930; Bagby v. Bagby, Tex.Civ. App., 186 S.W.2d 702. Although appellee did not raise the issue of immoral conduct on the part of either party in her pleadings, appellant pleaded immoral conduct on the part of his wife as a basis for his cross action for divorce. Under the provisions of the last rule cited, evidence was

admissible on the issue of appellee's alleged immoral conduct raised by appellant's pleadings, regardless of which party may be benefited by the evidence heard on the issue so raised.

The record reveals that appellant contested appellee's alleged cause of action and moved for judgment denying her a divorce after the evidence was heard, but he did not testify as a witness or offer any testimony refuting or offering to refute any testimony offered by appellee. He further asked for a dismissal of his cross action after the evidence was heard but he did not ask to withdraw any of his pleadings and did not move to exclude any of the evidence. The record does not disclose what action, if any, the trial court might have taken upon his request to withdraw his pleadings or upon a motion to strike any of the evidence if such request had been made or motion presented.

■ Appellee pleaded that by reason of cruel treatment on the part of appellant she was forced and compelled to leave him. She further alleged that she was not guilty of any acts or omissions that justified his cruel treatment toward her but that she was kind and affectionate toward him during their marriage and did all she could to make their marriage a success. She further alleged that appellant many times cursed, abused and hit her in violation of his marital obligations and that on the day of their separation without cause or provocation he hit her with his fist in the presence of their minor children and threatened her with other bodily injury. No exceptions were levelled at such pleadings by appellant and the record reflects no claim made of their insufficiency before the trial. Appellant denied the charges made in appellee's pleadings in an unsworn answer and sought a divorce himself by a cross action in which he alleged cruel treatment on the part of appellee and that she was not dependable but was unreliable as a wife and that she, in disregard of her marital vows, left home and constantly kept company with a single man, spending the nights with said man, for which reasons he sought a divorce from her. Upon the pleadings of both parties the trial court

heard the evidence and rendered its judgment. It is our opinion under the authorities already cited that the pleadings of the parties support the trial court's judgment.

Appellee testified that during their marriage she worked to help support the family. She had worked in a poultry house, in the field on a farm, in private homes and had worked for some time prior to their separation in a hospital. She further testified that her husband had accused her of having improper relations with a neighbor man whom she named and that he accused her of having improper relations with two doctors while she worked at the hospital and she named the two doctors. She testified that such charges in each instance were untrue and not justified. She further testified that appellant cursed and abused her on several occasions and struck her with his fist in the presence of their children. She testified that because of such conduct on the part of appellant she could not again live with him under any circumstances.

Appellee's sister, Mrs. Iola Amburn, testified that she had heard appellant accuse appellee of having improper relations with other men and she named one of the men and told of the occasion.

■ The testimony of these witnesses was not denied by appellant who offered no rebuttal testimony of any nature. We find nothing to indicate that the testimony of the witnesses was untrue. Appellee's testimony concerning appellant's accusations that she had been guilty of having improper relations with other men was corroborated by her sister, Mrs. Iola Amburn. Such an accusation, if untrue, constituted extreme cruelty within itself. Appellee testified that such charges were untrue.

■ The trial court was the trier of the facts and was in a better position to appraise the testimony heard than this court would be upon the record alone. Under the rule all of the testimony must be construed by us in a light most favorable to the trial court's judgment. It is therefore our opinion that the trial court

was justified in finding that the evidence heard was full and satisfactory enough to meet the requirements of the law in such cases.

We therefore conclude that the trial court did not abuse its discretion in finding the testimony to be true and in concluding that appellee was entitled to a divorce. Bell v. Bell, Tex.Civ.App., 135 S. W.2d 546; Coffman v. Coffman, Tex.Civ. App., 83 S.W.2d 416; Glenn v. Glenn, Tex. Civ.App., 183 S.W.2d 231; Black v. Black, Tex.Civ.App., 185 S.W.2d 476; Hodges **v.** Hodges, Tex.Civ.App., 207 S.W.2d 943.

No attack is here made on the trial court's judgment in awarding the custody of the minor children, providing for their support and awarding the use of the homestead to appellee, all of which seems to be consistent with the remainder of the judgment based upon the pleadings of the parties and the evidence heard. A careful examination of the record and the briefs reveals no reversible error and the judgment of the trial court is therefore affirmed.

### On Motion for Rehearing.

### PER CURIAM.

In his motion for rehearing appellant contends that he did not allege immoral conduct on the part of his wife in his cross action in the case and that he did not allege that she was unfaithful to him. His petition alleged "that she, disregarding her marital vows, has constantly kept company with a single man spending nights with him * * * :" He likewise further alleged "that she, on numerous occasions, has left the home of this defendant in company with another man, and failed to return to their home until 3:00 or 4:00 o'clock the following morning." He alleged that because of such conduct he was entitled to a divorce from her and he further alleged that she was "not a fit person to have the care and custody" of their said two minor children and he asked for their custody. She testified, in effect, that he had falsely accused her of having improper relations with other men whom she named and her sister corroborated such testimony. Appellant did not testify or seek to refute such testimony. It is our opinion that a stronger implication could hardly have been made charging his wife of immoral conduct and of being unfaithful to him as a wife and it is our opinion further that he did, in effect, so allege. No other reasonable construction could be given such allegations in view of the charges his wife and her sister testified he had made against his wife, which charges he did not see fit to deny.

He further contends that a trial court has less discretionary powers in determining the issues in a divorce action than it has in other civil cases. The rule is well recognized that a trial court has authority to construe the pleadings more liberally in a divorce action than in any other civil cases. Fain v. Fain, Tex.Civ. App., 6 S.W.2d 403, writ dismissed. The court held in the case of Caywood v. Caywood, Tex.Civ.App., 290 S.W. 889, that much latitude is allowed a trial court in passing upon the grounds alleged for a divorce. The court there further held that the cruel treatment given in the statute as one of the grounds for a divorce has often been held to include injury to the feelings and sensibilities as well as to physical injuries actually inflicted or threatened. It has likewise been may times held that in a divorce action the trial court is clothed with more discretionary power in determining the sufficiency or insufficiency of evidence to warrant a decree than perhaps in any other form of civil action. Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184, and other authorities there cited. While the case at bar was not a jury case, the rule is well established that in a divorce action either party may demand a jury trial. Yet a trial court is not bound by the jury findings in such a case even though its verdict has support in the evidence. A jury verdict in such a case is only of an advisory nature to the trial court. Hodges v. Hodges, Tex.Civ.App., 207 S.W.2d 943; Tims v. Tims, Tex.Civ. App., 201 S.W.2d 865; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538.

It is a serious matter for a man to question directly or indirectly the virtue of his

wife who has borne him children. And it is far more serious if he makes false accusations against her virtue. Such is calculated to insult her sensibilities of refinement to such an extent that she could not live with him again under any circumstances as was the testimony given by appellee in this case. It is our opinion that the well known rules of law fully support the trial court's holdings to the effect that the pleadings and evidence in this case warranted a judgment for appellee. Appellant's contentions to the contrary set out in his motion for a rehearing are not well taken. His motion is therefore overruled.