Betty BOGGS, Appellant,

v.

Keith N. BOGGS, Appellee.

No. 6701.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1957.

Jack Hood, Walter R. Allen and W. T. Pickel, Borger, for appellant.

Robert Galloway, Borger, for appellee.

PITTS, Chief Justice.

This appeal is from a judgment denying a divorce as a result of a jury verdict and awarding temporary care and custody of three minor children to their paternal grandparents as intervenors after both parents of the said children had been found unfit and improper persons at that time to have the care and custody of the said children.

In a case such as this the best interest of the children is the paramount issue to be determined and their interests should be safeguarded by the courts. Bartlett v. Bartlett, Tex.Civ.App., 293 S.W.2d 508. The denial of a divorce does not deprive the trial court of jurisdiction to make and enter orders respecting the custody and welfare of the minor children involved. 15B Tex.Jur. 49, Sec. 236. Under such circumstances and conditions as are here reflected the trial court had authority and the power, even though a divorce was denied, to award temporary custody of the said minor children to the third parties, namely the paternal grandparents, after finding both parents unfit and improper persons to have care and custody. Lolley v. Lolley, Tex.Civ.App., 181 S.W.2d 941. The awarding of care and custody of minor children in a case such as this is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to clearly show an abuse of discretion. Tims v. Tims, Tex.Civ.App., 201 S.W.2d 865; Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19.

The record reveals that Keith N. Boggs married Betty Tipton on or about December 20, 1946, when he was about 22 years of age and she was about 16 years of age and that they separated on or about July 24, 1956; that three children were born to the marriage, namely Allan Keith Boggs, a boy age eight years, Jo Anna Boggs, a girl

age six years and Teresa Boggs, a girl age two years; that immediately following the separation Keith N. Boggs, hereafter referred to as the father, filed suit against Betty Boggs, hereafter referred to as the mother, seeking a divorce and custody of the three minor children; that the mother answered, joining issues with the father, in an effort to prevent the granting of any relief sought by him; that the paternal grandparents, Clen Boggs and wife, intervened by a pleading seeking the care and custody of the three minor children in any event, and the maternal grandparents, J. C. Tipton and wife, likewise appeared and sought custody of the three minor children; that the matters in question were submitted to a jury upon special issues, as a result of which a verdict was returned and judgment was rendered as previously herein stated. From the judgment rendered both the father and the mother perfected appeals, the father complaining only because he was denied a divorce and because he was found to be an unfit and improper person to have the care and custody of the three minor children, while the mother complains only because she was denied custody of the three minor children and because the trial court did not award her an attorney fee in the sum of $500 as prayed for. According to the record the maternal grandparents, J. C. Tipton and wife, did not appeal and are not before this court.

In its first issue submitted to the jury the trial court inquired, without objections having been made by any party, if, from a preponderance of the evidence, the acts and conduct of Betty Boggs toward Keith N. Boggs had constituted such excess, cruel treatment or outrages of such nature as to render their further living together as husband and wife insupportable, as that term was defined by the court. To such inquiry the jury gave their negative answer. Based upon that answer the trial court in its judgment denied Keith N. Boggs a divorce. While the evidence on this, and all other material issues, was controverted we find sufficient evidence of probative force

to support the jury's negative answer to the said issue and in our opinion the trial court was justified under the law governing such a matter in denying the divorce. Such action is supported by the following authorities: Grisham v. Grisham, Tex.Civ.App., 185 S.W. 959; McCrary v. McCrary, Tex. Civ.App., 230 S.W. 187 and numerous other authorities holding that the evidence in such a case must be full and satisfactory before a trial court is justified in granting a divorce.

Both the father and the mother complain because the trial court found that neither of them was a fit and proper person at that time to have the care and custody of their said children, whose care and custody were temporarily given to the paternal grandparents, Clen Boggs and wife, with reasonable visitation privileges of the children allowed both parents under proper circumstances and conditions, provided that neither parent shall be permitted to visit the said children when such parent is under the influence of intoxicating liquor or drugs of any character. The trial court likewise required the father to pay into the registry of the court $100 per month for the support and maintenance of the three minor children during the temporary period of custody given to the paternal grandparents as intervenors. It must be presumed that the trial court found the paternal grandparents to be fit and proper persons to have the care and custody of the said children and that it was for the best interests of the children under all the facts and circumstances that they be so awarded, at least temporarily.

The evidence reveals that the father and the mother began the excessive use of alcoholics together soon after their marriage when they frequently visited night clubs and associated with others who drank alcoholic beverages. They continued such practices after their children were born until their domestic lives were disturbed and finally their home life was disrupted because of such conduct of the parents. Because of their joint questionable habits, the

evidence reveals that the parents were jointly responsible for their marital troubles which deprived their children of a normal life and a happy home. Because of excessive use of alcoholics and other drugs, the mother had been under medical treatment for some time and had in effect been pronounced physically, mentally and emotionally unstable. There is evidence to the effect that the father also used alcoholics excessively and often became nervous, had a violent temper and sometimes dealt so harshly with the children that they feared him. A careful examination of the evidence reveals that the trial court did not abuse its discretion in finding that both the father and the mother were at the time unfit and improper persons to have the care and custody of the three minor children here involved and that it was not improper to award the temporary care and custody of the three children to the paternal grandparents, Clen Boggs and wife, who intervened in the suit and sought the care and custody of the children.

■ While the jury gave no answer as later herein shown to the issues submitted inquiring about the best interest and custody of the children here involved, the matter of determining the best interest and custody of the children in a case such as this is left to the discretion of the trial court and not for a jury whose verdict in any event is only advisory and may be disregarded by the courts. Anderson v. Martin, Tex.Civ. App., 257 S.W.2d 347–351.

■ In addition to the first special issue submitted to the jury inquiring about grounds for a divorce the trial court, without objections having been made by any party to the suit, submitted seven other special issues inquiring about a proper award to be made of the children and the awarding of an attorney fee to Betty Boggs. Such inquiries were conditionally propounded depending upon answers made to previous issues submitted. Since the jury answered the first special issue inquiring about grounds for divorce in the negative, it did not answer any of the other special issues conditionally submitted. The verdict answering only the first special issue was returned to the trial court and accepted, according to the record before us, without the objections of any party. Among the seven special issues conditionally submitted but not answered was one inquiring if Betty Boggs had defended the suit in question in good faith and with probable cause and then predicated upon an affirmative answer to that question, the trial court further inquired in the next special issue what sum of money, if any, would be a reasonable amount to be allowed as an attorney fee for Betty Boggs. Neither question was answered by the jury and the verdict was thus accepted by the trial court without any objection having been made by Betty Boggs or her counsel. Because of such failure to then complain, it is our opinion under the state of the record that Betty Boggs waived her right to subsequently claim attorney fees in this court. Whiteside v. Tackett, Tex. Civ.App., 229 S.W.2d 908, 911. Betty Boggs now contends before us that it was not necessary to submit any issue on the attorney fees since the evidence about such a matter was conclusive but we do not agree with such contention. Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251, 256; Hodges v. Hodges, Tex.Civ.App., 111 S.W.2d 779, 782. But, be that as it may, in our opinion the matter of allowing an attorney fee under such circumstances is discretionary with the trial court and will not be disturbed on appeal unless an abuse of discretion has been shown and in our opinion no abuse of discretion has been shown in this matter in any event.

A careful examination of the record and the briefs reveals no reversible error. Therefore, all points of error to the contrary are overruled and the judgment of the trial court is affirmed.