Frances HAILEY, Appellant,

v.

Ray HAILEY, Appellee.

No. 6849.

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1959.

Rehearing Denied April 13, 1959.

Calloway Huffaker and Harold Green, Tahoka, for appellant.

Hackney & Crawford, Brownfield, for appellee.

NORTHCUTT, Justice.

Appellee, as plaintiff, brought the suit for divorce against the appellant, also seeking a division of the parties' community property and custody of their minor child, a girl, four years of age. Appellant filed a cross-action against appellee for divorce and for division of the community property and also custody of the minor child. The trial court entered judgment granting the plaintiff a divorce and the custody of the minor child and divided the community property. The court also denied appellant a divorce on her cross-action. From this judgment the appellant has perfected this appeal.

By appellant's first three points of error it is contended there is no evidence of excesses, cruel treatment, or outrages on the part of appellant toward appellee of such a nature as to render their living together insupportable such as is contemplated by Article 4629(1) of the R.C.S.T., Vernon's Ann.Civ.St. art. 4629(1); that there is not sufficient evidence of excesses, cruel treatment, or outrages toward appellee of such a nature as to render their living together insupportable such as is contemplated by Article 4629(1) of R.C.S.T., and the finding by the court, that the appellant was guilty of such excesses, cruel treatment, and outrages was so against the overwhelming weight and degree of the evidence as to be manifestly wrong and unjust; and the evidence introduced was not full and satisfactory as required by Article 4632 of R.C.S.T., Vernon's Ann.Civ.St. art. 4632, as would warrant a divorce on behalf of appellee under Article 4629(1) of R.C.S.T.

The statement of facts is very voluminous. We think it is best not to detail the evidence produced upon the trial either on the issue of divorce or custody of the child. Whether or not the treatment of the complaining party is of such nature as to render their living together insupportable is a question of fact to be determined by the judge trying the case and a wide discretion is conferred upon him in determining questions of fact pertaining to the divorce, custody of the child and the division of community property. We cannot say that the judge abused his discretion in determining the questions of fact presented and, in the absence of a showing that the discretion has been abused, the appellate court will not revise or interfere with the conclusions of the trial court. Dawson v. Dawson, 63 Tex.Civ.App. 168, 132 S.W. 379; Lloyd v. Lloyd, Tex.Civ. App., 107 S.W.2d 1047; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538; Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184; Mansfield v. Mansfield, Tex.Civ.App., 308 S.W.2d 80. We cannot agree with appellant's contention that there is no evidence but think there is sufficient and also full and satisfactory evidence to support the findings of the judge. We have carefully considered all of the evidence and we do not think the holding of the trial judge is against the great weight and preponderance of the evidence as to be manifestly unjust, but on the contrary, the great weight and preponderance of the evidence sustains the holding of the trial court. We know of no measure of the weight of the evidence (unless the witnesses on the evidential facts are counted) other than the feeling of probability which it engenders. The problem of proof cannot be resolved scientifically by quantitative analysis. Preponderance is not alone determined by the number of witnesses testifying to a particular fact or state of facts. It may occur that the statement, or the superior knowledge of the subject matter testified to, of one or a few witnesses may be of more importance, and be relied upon with a greater degree of assurance than that of greater number; and the testimony of the witnesses are oftentimes strengthened or weakened by other facts and circumstances disclosed by the evidence. Regardless of how pure a wife

may be, when she continues over the protest of her husband to go out of town with a man other than her husband, and they stay at the same hotel, this connected with other testimony showing questionable circumstances, would certainly be so disturbing to the husband as to render their further living together insupportable. Appellant's first three points of error are overruled.

■ By appellant's fourth point of error she contends there were no pleadings by the appellee to support the court's findings and the judgment of divorce based upon Article 4629(1) of R.C.S.T., in that, appellee nowhere alleged in his petition that the appellant was guilty of excesses, cruel treatment, or outrages toward appellee. Without setting out the pleadings herein, we think when appellee alleged certain acts and pleaded they were of such a nature generally as to render their further living together insupportable, under our Rules of Civil Procedure, Rule Nos. 45, 47, 90, 91, Texas Rules of Civil Procedure, the pleadings were sufficient. Chapman v. Chapman, Tex.Civ.App., 172 S.W.2d 127; Crossley v. Crossley, Tex.Civ.App., 306 S.W.2d 388. Appellant's fourth point of error is overruled.

■■ By appellant's points of error five, six, seven, eight and nine she complains of the action of the trial court in awarding the care and custody of the minor child to the appellee. The trial court, in the findings of fact, found for numerous reasons the appellant was not a fit and proper person to have the care, custody, possession and control of said minor child. We not only think there was sufficient evidence to sustain the trial court's findings and the judgment entered as to such child, but after careful consideration of all of the evidence we do not believe it is so against the great weight and preponderance of the evidence to be manifestly unjust and wrong; but think under the evidence the court was justified in giving the care and custody to the father of said child. In a case of this kind the best interest of the child is the paramount issue

to be determined and a child's interest should be safe-guarded by the courts. We do not think, under the record in this case, the court abused its discretion. The courts as a general rule do not approve a divided custody of children, but no question of divided custody has been presented in this case. It is stated in the case of Boggs v. Boggs, Tex.Civ.App., 306 S.W.2d 237, 238, as follows:

"The awarding of care and custody of minor children in a case such as this is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to clearly show an abuse of discretion. Tims v. Tims, Tex.Civ.App., 201 S.W.2d 865; Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19."

Appellant's points of error five, six, seven, eight and nine are overruled.

■ As to the division of the community property, we are of the opinion the trial court made a fair, just and equitable division between the parties and overrule appellant's point eleven; but think the court erred in divesting title out of appellant and vesting title in appellee as to Lot 16, Block 22 of the Original town of Brownfield, and, also in divesting title out of appellee and vesting title in appellant as to Lot 5, Block 2 of the Colonial Heights Addition to the town of Brownfield. We sustain that portion of appellant's point ten as to the court divesting title out of parties as to certain property and vesting title in the other parties. Article 4638 of the R.C.S.T.; Maisel v. Maisel, Tex.Civ.App., 312 S.W.2d 679; Donias v. Quintero, Tex.Civ.App., 227 S.W.2d 252.

■ We do not think the trial court abused its discretion in denying appellant an attorney fee and overrule appellant's point twelve. Boggs v. Boggs, supra; Walker v. Walker, Tex.Civ.App., 201 S.W.2d 61.

A careful examination of the evidence and the entire record reveals no reversible error as to the divorce, custody of the child, and division of the community property, and the judgment of the trial court in granting appellee a divorce and custody of the child and also the division of the community property is affirmed. That part of the judgment divesting title out of the parties is reversed and rendered that the title of the property is not divested out of either party.

Judgment of the trial court affirmed in part and reversed and rendered in part.