Theodore Frank HERMANN, Appellant,

v.

Hilda Ruby Lehman HERMANN, Appellee.

No. 6544.

Court of Civil Appeals of Texas.

Beaumont.

May 17, 1962.

Rehearing Denied June 20, 1962.

Charles C. Smith, Jr., Cameron, Walter M. Hilliard, Caldwell, for appellant.

M. F. Kieke, Giddings, for appellee.

McNEILL, Justice.

Appellee brought suit against appellant for divorce on the grounds of harsh and cruel treatment, and prayed for custody of their two minor children. She also alleged that the 106 acre farm constituting the homestead was acquired by her before marriage to appellant and was her separate property. She prayed that she recover title thereto and for division of the community property.

Appellant filed his answer to this suit and by cross action asked for divorce from appellee, and alleged that the homestead was community property. He prayed for division of it and other community property of the parties and asked for custody of the children.

Trial was to the court without a jury, and at the conclusion thereof, judgment was rendered in behalf of appellee for divorce, care and custody of the minor children were awarded appellee and the farm constituting the homestead was set aside to appellee for life for the use and benefit of her and her two children. The judgment further provided at her death a one-half interest in the farm would vest in appellant or his successors and assigns and the other one-half in appellee's successors and assigns. The decree required that appellee keep all current taxes on the farm paid and the improvements in reasonable repair. It also provided that appellant pay $25.00 per month for the support of each child until the children shall arrive at the age of 18 years or until further ordered by the court.

■ The appeal to this court presents three points. By the first appellant contends that the evidence upon which the divorce was granted was not that "full and satisfactory evidence" required by Art. 4632, Vernon's Ann.Tex.St. The evidence under this point has been reviewed and we are convinced the trial court was amply justified in granting appellee a divorce. Appellant asserts that the evidence does not show any specific instances of excesses or cruel treatment by appellant toward appellee. The record reflects otherwise. The parties were married January 19, 1947. Appellee received a college education at San Marcos Teachers College and taught school about 8 years. She had saved a fair sum of money from her salary as teacher and before her marriage bought the tracts of land constituting the parties' homestead. Appellant is a farmer. After marriage appellee worked and did many chores on the farm that would become a man. She related on one occasion she and her husband were working in the corn field tying corn tops. Her hands became sore and she was not doing a very good job. He criticized her, slapped her, hit her on the nose and made her nose bleed; slapped her on the head and back so hard that she had blue spots. "He slapped me all blue, and my arm, and my nose was really bleeding, and I was black in front of my eyes * * *" At another time she related that appellant asked her if she wanted to go visit her parents who lived not many miles away in the same county. She stated she had not seen her parents for a year, "and I thought maybe now I will go visit my parents again. I said sure I did, and he was standing behind me. He just slapped me and slapped me, right and left, just slapped me, just be-

cause I said I wanted to visit my parents." She stated that in the earlier years of their marriage he would not slap her so hard and this occurred seldom but as time went on he would slap her much harder and more frequently. Appellee further testified that when she was pregnant with her son he slapped and abused her and when she was due to have the child he said, "You can have your baby out there in the barn" but she insisted on going to the hospital and she was taken there.

Appellee's witnesses testified that appellant was "cranky and hard to get along with"; that he had much trouble with others. These witnesses corroborated much of appellee's testimony.

They testified appellant stated to others on several occasions that the children of the marriage were not his children and accused appellee of infidelity and wrongdoing, and had their home under surveillance at times. On the occasion of their final separation appellant, accompanied by his wife, drove his truck from their home over into the community of Ledbetter near where her parents lived. About this occasion she testified:

"* * * he stopped and told me he didn't want me any more and he put me out, pushed me out of the truck and closed the door. Well, I wanted to get back in, and he locked it, so I climbed on the back, and he wanted to drive off, and so he came back and pulled me off from the truck bed. Well, I held tight on the truck bed, but he finally pulled me off. Naturally, he could. So while I told him I wanted to go back at that time, because I didn't have—that is the only home I had, (meaning their homestead) * * * I didn't have no home in Ledbetter. I told him I didn't have a home anywhere else * * * He took my purse and threw it real hard away. Naturally, I wanted to take my purse along, so I ran to pick up my purse, and he ran to the truck, and I ran right fast and kept hold of the truck, but the truck was gone before I could get on the truck again, and so he left me. He never came back. He never informed me nothing, I never heard of him any more, he just left me on the highway close to Ledbetter."

The trial court was justified in decreeing her a divorce. Lindsey v. Lindsey, Tex. Civ.App., 228 S.W.2d 878; Mitcham v. Mitcham, Tex.Civ.App., 202 S.W.2d 947.

■ Appellant's second point asserts there were no pleadings authorizing the court to set aside the homestead to appellee for life; and the third point asserts that the trial court abused its discretion in doing so. Appellee alleged that the premises were her separate estate and therefore the title thereto should be set aside to her. Appellant alleged that the premises constituted community property of the parties and should be "equally, fairly and equitably divided between the parties." The facts show that after their marriage appellant requested her to put part of the land in his name. This was done by conveying the property to a third party and the third party conveying it back to appellant and appellee. By use of community funds an old house was rebuilt on the premises and some other expenditures thereon made. Since appellant asserts this property was community property and appellee makes no complaint of the judgment that it is, we accept it as such. The pleadings of the parties were sufficient to support the action of the trial court in setting aside the premises to appellee for her lifetime. Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702; Puckett v. Puckett, Tex.Civ.App., 205 S.W.2d 124; Lindsey v. Lindsey, supra. The facts do not show the trial court abused its discretion.

The judgment is affirmed.