**MOBLEY v. MOBLEY.**

No. 3147.

Court of Civil Appeals of Texas. Waco.

Dec. 21, 1953.

Rehearing Denied Jan. 14, 1954.

W. C. Davis, Bryan, for appellant.

Jno. M. Lawrence III, Bryan, for appellee.

McDONALD, Chief Justice.

This is a suit brought by Leona Mobley, appellee, against Jim Mobley, appellant, for a divorce on the grounds of cruel treatment, custody of 2 minor children, property division, and attorney's fees. Trial was before the Court without a jury, which granted appellee a divorce, and other relief prayed for. Appellant seeks a reversal on the ground that appellee failed to establish her right to a divorce by clear and convincing proof, and contends that the evidence adduced in the case was not *"full and satisfactory"* as to entitle appellee to a divorce.

Article 4629 Vernon's Ann.Tex. Civ.Stats. authorizes a divorce where either party to the marriage is guilty of excesses, cruel treatment or outrages toward the other, "if such ill treatment is of such a nature as to render their living together insupportable." Cruel treatment, within the meaning of this statute is a relative term of variable degrees. It may consist of innumerable acts or combinations of misconduct. The painful effect of such treatment, whether physical or mental, as well as the degree of intensity thereof, depends upon the nature, extent and duration of the overt acts of which it consists, and the circumstances under which such acts are committed. Every case of this

character must be determined by its own peculiar facts. It is impossible to lay down any precise rule by which to decide, under a given state of facts, whether legal cruelty does or does not exist. While it is well settled that the overt acts constituting legal cruelty must be established by full, clear, and satisfactory evidence before a divorce can be properly granted upon that ground, a determination as to the quantum and weight of the evidence necessary to meet this test involved the sound exercise of broad discretionary powers. Eatman v. Eatman, 75 Tex. 473, 12 S.W. 1107; Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891.

A review of the evidence in the case at bar reflects that liquor had been a serious problem with the parties most of their married life; that appellee had moved from her home in Bryan to a Brazos bottom farm on the strength of appellant's promise to give up drink, which promise was promptly broken; that the appellant had told appellee on repeated occasions that he desired no part of appellee, that there was nothing between them, and that he only kept her in order to be with his sons, and finally that appellant was guilty of acts of physical violence toward appellee in that he pushed her off the bed, out of the bedroom—forced his way into the bathroom and then ordered appellee out of the house.

While the testimony is conflicting in some instances, the trial court had before it real and serious complaints of the misconduct of the appellant that continued over a great number of years. The trial court had the parties before him; heard their testimony; observed their demeanor; and as a result found appellee's version credible and granted her the divorce.

 In a divorce action the question of whether further living together of the parties is insupportable is peculiarly one of fact to be determined by the trial court; and much latitude is allowed a court in passing on the grounds relied on for a divorce. Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891; Ingham v. Ingham, Tex.

Civ.App., 240 S.W.2d 409; Bartels v. Bartels, Tex.Civ.App., 227 S.W.2d 260; Mortenson v. Mortenson, Tex.Civ.App., 186 S.W.2d 297.

After considering this record as a whole, we have concluded that it was sufficient to authorize the trial judge, in the exercise of the sound judicial discretion vested in him, to render a decree granting appellee a divorce on the ground of cruel treatment. We therefore overrule appellant's Point of Error and the contentions made thereunder.

The judgment of the trial court is accordingly

Affirmed.