## GAGO v. RAINES.

### No. 12649.

Court of Civil Appeals of Texas.

Galveston.

May 27, 1954.

C. M. Gregg, Texas City, for appellant.

Hosey & Greenberg, David L. Greenberg, Galveston, for appellee.

HAMBLEN, Chief Justice.

This suit was filed in the District Court of Galveston County, as a suit for partition of certain described real property. Appellant, who was plaintiff in the trial court, alleged that the property sought to be partitioned was acquired by appellant and appellee during their marriage to each other; that the parties were divorced from each other by decree of the District Court of Galveston County on May 20, 1952, at which time it was mutually agreed that appellee was to receive, as her portion of the community property, the real estate here involved, and appellant was to receive by way of payment from appellee within thirty days thereafter, the sum of $2,000; and that appellee had defaulted in her agreement to pay said sum of $2,000. Upon such factual allegations, appellant asserted ownership of an undivided one-half interest in the property, prayed for partition, and an accounting from appellee of the rents and revenues received by her since the divorce.

At the trial, which was before the court without a jury, the divorce decree of May 20, 1952, as shown by the findings of fact made by the trial court, was introduced in evidence. That decree recited that the parties had entered into an agreement for the partition of their property, which the court found to be just, fair and reasonable, and which was in all things confirmed by the court. Such agreement was incorporated in the divorce decree, and provided that plaintiff, who is now appellee, should have the real property here involved, as her separate estate and property, and that defendant, who is now appellant, should be paid the sum of $2,000 by appellee within thirty days.

Judgment was entered that appellant take nothing in his suit for partition. Appellant, by this appeal, attacks such judgment in two points of error.

By his first point, appellant complains that the divorce decree, insofar as it purported to divest him of title to real property, is ineffective because it violates the provisions of Article 4638, Revised Civil Statutes, and that the court erred in denying his prayer for partition. We find no merit in this contention. It is well settled that while neither spouse may compel a partition of community property, they may, after separation, and in contemplation of divorce, enter into a binding agreement for the partition thereof. The divorce decree which forms the basis of appellant's complaint, shows that it was prepared by his counsel at the divorce hearing, that it was approved by counsel for both parties, and was duly and properly entered by the court. It recited that it had been entered into by the parties, and was fair, just and reasonable. Findings to that effect were made by the trial court in the present litigation. The record contains no statement of facts, as a consequence of which it must be presumed that the evidence supports every finding by the trial court. The decree did not compel appellant to divest himself of title to real property, but simply confirmed his agreement to do so. As such it is in no way violative of Article 4638. Whether or not the decree had the effect of divesting appellant of legal title, is immaterial, since it gives rise to equities in appellee which justified the trial court's denial of appellant's prayer for partition. Whether or not it gave rise to any other cause of action in appellant's favor was not before the court.

By his second point, appellant complains of the refusal by the trial court to receive in evidence a partition agreement different from that incorporated in the divorce decree, which appellant contended was anticipated to have been executed by the parties, and tendered proof to that effect. This point is likewise without merit.

Among the findings by the trial court is one to the effect that the tendered partition agreement was not anticipated to have been executed by the parties, was not agreed to or executed and had no legal effect. In the absence of a statement of facts, it must be presumed that the evidence supports such findings. Furthermore, even in the absence of such findings, the action of

the trial court is supportable upon the proposition that the tendered evidence constituted an attempt to collaterally attack a final judgment.

The judgment of the trial court is accordingly affirmed.

Affirmed.