**Jim McGINNES, Appellant,**

v.

**Maxine McGINNES, Appellee.**

**No. 10638.**

Court of Civil Appeals of Texas.

Austin.

March 11, 1959.

Fred A. Semaan, San Antonio, for appellant.

A. W. Moursund, Johnson City, for appellee.

GRAY, Justice.

On December 20, 1957, appellee filed this suit for divorce. She alleged that she was

legally married to appellant and that he had been guilty of excesses and cruel treatment toward her of such nature as to render their further living together as husband and wife insupportable and unbearable.

Appellant filed an answer, appeared, testified and called witnesses at the trial.

The parties were married July 3, 1953 and thereafter lived together in San Antonio until their separation in 1957. There was one child born to the marriage, a girl, Vickie Lynn McGinnes, who at the time the divorce was granted was about two years of age. Also the parties owned community property.

Appellee prayed for a divorce, for custody of the child, for support for said child and for a partition of community property.

On June 30, 1958, after a nonjury trial, a judgment was rendered awarding appellee a divorce, custody of the minor child subject to the right of appellant to visit said child at reasonable times, requiring appellant to contribute to the support of said child and partitioning the community property of the parties.

Appellant here presents three points. These are to the effect that: the material allegations in appellee's petition are not proved by full and satisfactory evidence; the evidence is insufficient to support the allegations of excesses, outrages and cruel treatment, and appellee failed to prove by full and satisfactory evidence her allegations that she had been a bona fide inhabitant of the State for 12 months at the time of exhibiting her petition, or that she had been a resident of Blanco County for six months immediately next preceding the filing of said petition.

In reviewing the evidence we will bear in mind that the acts constituting the alleged excesses, outrages and cruel treatment must be established by full, clear and satisfactory evidence. However the quantum and the weight of the evidence necessary to meet these requirements must of necessity be left to the sound discretion of the trier of the facts. Mobley v. Mobley, Tex.Civ.App., 263 S.W.2d 794. The requirement of Art. 4632, Vernon's Ann.Civ. St., that a decree of divorce shall be rendered "upon full and satisfactory evidence" is directed to the mind of the court. It requires that the court be satisfied that the allegations of cause for divorce are sufficient and are supported by evidence that is true and sufficient to support those allegations. Moore v. Moore, 22 Tex. 237. Evidence of one spouse contradicted by the other may be full and satisfactory. Gomez v. Gomez, Tex.Civ.App., 234 S.W.2d 941. This is also true as to whether such acts render the further living together of the parties as husband and wife insupportable. Hodges v. Hodges, Tex.Civ.App., 207 S.W. 2d 943. The duty of passing on the credibility of the witness must be left to the trial court who tried the facts. Ellis v. Ellis, Tex.Civ.App., 225 S.W.2d 216. This being true then when the evidence is conflicting as it is here it was the duty and privilege of the trial court to accept the testimony of the party that to him appeared credible.

At the outset we will say that the evidence is conflicting on most if not on all material allegations including the issue of the time of the residence of appellee in Blanco County. The length of time that appellee has been a bona fide inhabitant of the State is not in question.

Appellee testified that at the time of her marriage to appellant she was fifteen years of age and that he was twenty-nine. She said that after their marriage they went to San Antonio where they lived until they separated. She testified that just after Vickie Lynn was born appellant began a course of cruel treatment toward her and abuse of her which continued until their separation on or about May 1, 1957. She said that appellant would come home fussing, that he slapped her, beat her and cursed her; that he hit her with his fists and would brag that he knocked his first wife clear across the room, and that his

conduct was worse when he was drinking. She testified that appellant's conduct toward her was unbearable, that it rendered their further living together insupportable and that a reconciliation was not possible.

Appellant contradicted appellee's testimony as to his conduct toward her. He testified that on several occasions after their separation appellee came to San Antonio to visit him. Appellee denied that she had visited appellant but said that she had written him letters and had gone to San Antonio to talk to him and that she went for some of her things but that appellant would not let her have them.

Appellee testified that she separated from appellant and came to her parents' home in Blanco County May 1, 1957 and that since she had continuously resided there. Appellant testified that this occurred July 20, 1957 and not on May 1.

Appellee alleged her residence in Blanco County for six months prior to the filing of her petition. It was a matter necessary to be proved in order to entitle her to a divorce and in this respect it was a matter for determination by the trial court. Wheelis v. Wheelis, Tex.Civ.App., 226 S. W.2d 224 and cases there cited. Appellee was corroborated as to her presence in Blanco County. Also prior to filing the present suit she had filed a suit for divorce which suit was dismissed because at the time it was filed appellee had not been a resident of Blanco County for six months.

Other witnesses testified at the trial however we think it would not serve any useful purpose to discuss their testimony since the trial court apparently believed appellee and it is not necessary that her testimony be corroborated. Ellis v. Ellis, supra.

The record before us merely presents a conflict of evidence which it was the province of the trial court to resolve. Reilly v. Reilly, Tex.Civ.App., 233 S.W. 379. No doubt the trial court accepted appellee's testimony. This being true it cannot be said that the evidence is insufficient to support the allegations of the petition. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, and authorities supra.

There is nothing in this record that remotely suggests that appellee was by rearing or otherwise accustomed to being cursed or in any manner physically abused and even though we agree that the marriage tie is a sacred contract which is the foundation of our society yet we do not believe that the welfare of society requires that the wife be denied relief from abuses and ill treatment that go beyond being trivial.

Appellant does not appear to complain of the trial court's judgment awarding custody of the minor child, providing contribution for her support and partitioning the community property.

Appellant's points are overruled and the trial court's judgment is affirmed.

Affirmed.