**H. R. FOMBY, Appellant,**

v.

**Joanne FOMBY, Appellee.**

**No. 10695.**

Court of Civil Appeals of Texas.

Austin.

Nov. 18, 1959.

Elbert R. Jandt, Seguin, for appellant.

Yelderman & Martin, Austin, for appellee.

HUGHES, Justice.

Mrs. Joanne Fomby, appellee, brought suit against her husband, H. R. Fomby, for divorce, custody of the two children born of this marriage and proper orders for their support including an order setting

aside all community property for this purpose.

The parents of appellant intervened and asked custody of the children.

In a nonjury trial judgment was entered awarding appellee a divorce, custody of the children with visiting privileges to appellant, a $20 per month support order and the following community property: a 1957 Isetta automobile and household furniture and effects.

Appellant's four assignments of error are:

"1. The evidence before the trial court is insufficient to support the judgment of the court.

"2. The pleadings are insufficient to support a judgment based on the evidence of appellant having unjustly accused appellee of infidelity.

"3. The court erred in denying appellant's defense of infidelity on the part of the appellee.

"4. The court erred in denying appellant's defense of recrimination."

■ Discussing the second and third assignments first it is noted that the petition of appellee pleaded cruelty in general terms and no exceptions were filed by appellant. Under these circumstances the pleading was sufficient to authorize admission in evidence of all acts constituting cruel treatment. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459.

■ A false charge of infidelity constitutes cruel treatment within the meaning of Art. 4629(1), Vernon's Ann.Civ.St. Lindsey v. Lindsey, Tex.Civ.App. Amarillo, 228 S.W.2d 878.

We also observe that appellant specially pleaded that his wife was guilty of infidelity. These allegations as well as the evidence of appellant's charges of infidelity were refuted by appellee and the judgment of the Trial Court warrants the statement that these charges have been found to be untrue. We will not set out the testimony in this regard because to do so would unjustly reflect upon third parties. It is sufficient to say that appellant to prove infidelity relied upon alleged admissions of his wife and minor circumstances which might appear suspicious to a suspicious minded person.

Under appellant's fourth point, recrimination, he quotes from Brown v. Brown, Tex. Civ.App. Dallas, 191 S.W.2d 814, 816, the following:

"* * * where it appears that the conduct of each spouse towards the other approaches mutuality, and both have indulged therein, a divorce should not be decreed upon the ground of cruelty to either of the parties."

It is our opinion that a similar situation is not reflected by this record.

The excesses of appellant are far out of proportion to any cause which may have existed for them.

The evidence from both parties reflects discord and unhappiness to such an extent that their further living together would but aggravate an already intolerable condition.

In appellant's behalf it may be stated that the evidence shows him to be mentally ill. This may explain the cruelty which he inflicted upon appellee.

■ Mental illness is no longer a bar to divorce. In fact it may be, under prescribed circumstances, a ground for divorce. Art. 4629(6), V.A.C.S.

As to physical cruelty appellee testified: that in 1954 her husband gave her a black eye; in December 1957, he beat her so hard she could not lie on her back for a week; he threatened her with a chain in 1958; he threatened her life several times, one time

in the middle of the night with a gun in her back; he also threatened her life in the laboratory at Brackenridge Hospital in Austin where appellee worked; that appellant hit her on the head "anytime we had an argument and I disagreed with him."

Regarding the December 1957, incident appellant testified that he and his wife had been arguing about a week over her associating with a single woman who was a student of her's in Brackenridge Hospital in bacteriology. We quote his version of this affair:

"A. Well, eventually the argument got so tense that she started cussing me. That isn't the first time she has cussed me, and she called me a son-of-a-bitch, and I slapped her, and when I did, she kicked me in the testicles, and that doubled me up on the floor, and I laid there for thirty solid minutes. I couldn't move, and she ran out of the house when she did that. I think it scared her. She ran out of the house and jumped in the car, and I guess she left, but, anyway, after I came to, we had some—let's see. After I came— well, I wasn't unconscious, but I was in a—oh, I guess you could very easily call it a state of shock, but I finally got up and walked out to the carport, and she was in the little car. She was in the Isetta with the motor running, back about halfway down the driveway, and I just looked at her, and then she asked me if it was all right to come in, and I told her yes, as far as I was concerned, and so she came on back in and we had some more words about it, and she was

still—I was about half inclined to stay at home, and she got very indignant, very mad about it, and started cussing me again, and—let me think exactly what happened on that, now. We were arguing, and she struck at me, and when she did, I pushed her back up against the sink. We were in the kitchen. I pushed her back up against it, and she reached over and bit me on the arm, and that finally—well, after the other, that finally made me mad, and when she did, I spun her around and took my hand, the flat of my hand, and laid it across her back about five or six times. I intended to leave her good and sore, because I didn't—I don't—I will tell you now, I don't like to strike a woman, and I am against it, but there are some things that a man just can't take."

While we do not base our decision wholly upon this incident we, nevertheless, are of the opinion that the admitted violent conduct of appellant was not justified or excused under the circumstances shown.

Appellee is a bacteriologist and registered medical technologist and has been employed at Brackenridge Hospital for about eighteen months. She is shown to be very intelligent, industrious and ambitious. She is also shown to be a devoted mother.

We are, after very carefully reading the long statement of facts, of the opinion that the judgment of the Trial Court was based upon full and satisfactory evidence as required by law and, accordingly, we affirm such judgment.