Sandra Brock **BATTE**, Appellant,

v.

Charles Robert **BATTE**, Appellee.

No. 3894.

Court of Civil Appeals of Texas.
Waco.

Aug. 17, 1961.

Rehearing Denied Sept. 14, 1961.

———◆———

Coleman & Whitten, Denton, for appellant.

Bradley & Geren, Groesbeck, for appellee.

McDONALD, Chief Justice.

This is a divorce case wherein Charles R. Batte is plaintiff and Sandra B. Batte is defendant. Trial was before the Court which, after hearing granted plaintiff a divorce; awarded custody of a minor child to defendant with reasonable visitation privileges to plaintiff; and required plaintiff to pay $50 per month child support.

Defendant appeals contending that the evidence is insufficient to establish: 1) that plaintiff was a resident of Limestone County at the time he entered the naval service of the United States; and 2) that defend-

ant had been guilty of cruel treatment of such a nature as to render plaintiffs and defendants further living together insupportable.

We revert to defendant's first contention. The record before us reflects that plaintiff, plaintiff's father, and plaintiff's mother all testified plaintiff lived in Limestone County at the time of his entrance into the U. S. Navy; he was in Mexia, Limestone County, Texas, immediately before his induction into the Navy; his Navy records reflected Mexia, Limestone County, Texas as his "home address". There is other evidence which tends to establish plaintiff's residence as other than Limestone County.

 The law applicable to defendant's first contention is that the issue of residence of the plaintiff in a divorce case, is a fact question to be determined by the trial court, and will not be disturbed on appeal unless there is a clear abuse of discretion. Nolen v. Nolen, Tex.Civ.App., 196 S.W.2d 529; Gallagher v. Die, Tex. Civ.App., 260 S.W.2d 128. We think the evidence sufficient to support the trial court's finding that plaintiff was a resident of Limestone County, Texas, at the time he entered the U. S. Navy. See: Article 4631, Vernon's Ann.Tex.St.

Defendant's second contention is that there is insufficient evidence to establish cruel treatment by defendant of such a nature as to render the couples further living together insupportable. The record reflects that defendant nagged plaintiff; refused to live with him, spent all of his money; was out with other men, and drank to excess; among other things, Defendant disputed some of these charges and the trial court resolved the dispute against her. We think grounds for divorce were proven. In reviewing the evidence we bear in mind that the acts constituting the alleged, excesses, outrages and cruel treatment must be established by full, clear and satisfactory evidence. However, the question and weight of the evidence necessary to meet

these requirements must of necessity be left to the sound discretion of the trier of the facts. Mobley v. Mobley, Tex.Civ. App., 263 S.W.2d 794; McGinnes v. Mc-Ginnes, Tex.Civ.App., 322 S.W.2d 417; Guerra v. Guerra, Tex.Civ.App., 327 S.W. 2d 625. The evidence is sufficient to support the trial court's finding of cruel treatment. Defendant's Points are overruled, and the judgment of the trial court is Affirmed.