Adolphus Doc ARMSTRONG, Appellant,

v.

Odell ARMSTRONG, Appellee.

No. 3912.

Court of Civil Appeals of Texas.

Waco.

Sept. 14, 1961.

Gordon R. Wellborn, Henderson, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellee.

McDONALD, Chief Justice.

This is a divorce case which was tried before the Court, and resulted in the plaintiff being granted a divorce from defendant.

Defendant appeals, contending that the pleading relied on by the plaintiff failed to constitute recognized grounds for divorce under Article 4629 Vernon's Ann.Tex.St.; and that the proof offered fails to meet the full and satisfactory evidence requirement made by Article 4629 V.A.T.S.

Plaintiff plead that defendant's treatment of her was intolerable, and that "defendant was guilty of acts of cruelty, outrages, and excesses toward the plaintiff of such a nature as to render their further living together insupportable." Defendant answered by general denial. The plaintiff's petition is sufficient. See: McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, opinion adopted. On the trial plaintiff testified that during the years of their marriage (1939–1960) defendant continued a course of "week end after week end of drinking and cruelty". "On Saturday night before I left him it just seemed to climax the whole 20 years of living with him. I mean he had been cruel and drunk so many times, but this week end, it just seemed like I couldn't take any more. He got on one of his regular week end drunks and roughed me up pretty much, hit me, broke my glasses". She further testified he fussed and nagged all the time, and she had to go to a doctor because of same.

The defendant offered no evidence whatsoever.

It is true that acts constituting excesses, outrages and cruel treatment must be established by full, clear and satisfactory evidence. However, the question and weight of the evidence necessary to meet these requirements must of necessity be left to the sound discretion of the trier of the facts. Mobley v. Mobley, Tex.Civ. App., 263 S.W.2d 794; McGinnes v. Mc-

Ginnes, Tex.Civ.App., 322 S.W.2d 417; Guerra v. Guerra, Tex.Civ.App., 327 S.W. 2d 625; Batte v. Batte, Tex.Civ.App., 349 S.W.2d 112. The evidence is sufficient to support the trial court's finding of cruel treatment. Defendant's points are overruled, and the judgment of the trial Court is affirmed.