William Lee FOLSE, Appellant,

v.

Carla C. FOLSE, Appellee.

No. 4014.

Court of Civil Appeals of Texas.

Waco.

April 26, 1962.

Thos. F. Nash and Jack Stuart Cole, Dallas, for appellant.

Robert B. Harshey, Dallas, for appellee.

McDONALD, Chief Justice.

Carla Folse, plaintiff, sued William Lee Folse, defendant, for divorce. Trial was to the court without a jury which granted plaintiff a divorce; awarded custody of 2 minor children to plaintiff; divided the parties' property in accordance with a contract between the parties; and required defendant to contribute $260. per month towards the children's support.

The Trial Court filed Findings of Fact and Conclusions of Law, which found, among other things, that defendant had been guilty of a course of conduct for some 18 months which amounts to cruelty and rendered it wholly insupportable for plaintiff to live with defendant as husband and wife; that defendant is addicted to gambling and irresponsibly gambled and lost community funds, which amounted to cruelty; that plaintiff's allegations of ex-cesses and cruel treatment of such a nature as to render the parties' further living together insupportable are supported fully, clearly and satisfactorily by the evidence; and that plaintiff is entitled to a divorce.

Defendant appeals on 18 points, which contend that there is no evidence, or insufficient evidence, to support specific findings of fact; the findings with response to defendant's gambling away of community funds; and the decree of divorce as a whole.

The record reflects that defendant gambled constantly; he himself testified that he gambled on Thursday nights and Saturday afternoons, and that on one occasion he lost $1000. in Las Vegas, Nevada.

This divorce, as are all divorce cases, especially where there are children, is certainly regrettable. Nevertheless, we think the grounds for divorce were proven, and there is ample evidence to support the Trial Court's findings with reference to defendant's gambling and such constituting cruel treatment of the plaintiff. In reviewing the evidence, we bear in mind that the acts constituting the alleged excesses, outrages and cruel treatment must be established by full, clear and satisfactory evidence. However, the question and weight of the evidence necessary to meet these requirements must of necessity be left to the sound discretion of the trier of facts. Mobley v. Mobley, Tex.Civ.App., 263 S.W. 2d 794; McGinnes v. McGinnes, Tex.Civ. App., 322 S.W.2d 417; Guerra v. Guerra, Tex.Civ.App., 327 S.W.2d 625; Batte v. Batte, Tex.Civ.App., 349 S.W.2d 112; Armstrong v. Armstrong, Tex.Civ.App., 350 S.W.2d 348. We think that the evidence is sufficient to support the Trial Court's finding of cruel treatment; and sufficient to sustain the Trial Court's judgment of divorce. Defendant's points are overruled, and the judgment of the Trial Court is affirmed.