Leola McAFEE, Appellant,

v.

L. F. McAFEE, Appellee.

No. 7499.

Court of Civil Appeals of Texas.

Texarkana.

June 25, 1963.

Harkness & Friedman, Texarkana, Robert F. Salmon, Linden, for appellant.

Bun L. Hutchinson, Texarkana, for appellee.

FANNING, Justice.

L. F. McAfee sued his wife, Leola McAfee, for a divorce upon the ground of cruel treatment and sought a division of their community property. Trial was before the court without a jury, and judgment was rendered granting the plaintiff-appellee a divorce and the property rights of the parties were also adjudicated. Leola McAfee has appealed.

Appellant on appeal contends that the trial court erred in granting a divorce to appellee as there was "no evidence" and "insufficient evidence" to warrant the granting of the divorce to appellee.

Cruel treatment, within the meaning of Art. 4629, Vernon's Ann.Civ.St., is a relative term of variable degrees, and may consist of innumerable acts or combinations of misconduct. The painful effect of such treatment, whether physical or mental, or both, as well as the degree of intensity thereof, depends upon the nature, extent, and duration of the overt acts of which it consists, and the circumstances under which such acts are committed, and every case of such character must be determined by its own peculiar facts. Mobley v. Mobley, Tex.Civ.App., 263 S.W.2d 794. While the overt acts constituting legal cruelty must be established by full, clear and satisfactory evidence before a divorce can be granted upon the ground of cruel treatment, a determination as to the quantum and weight of the evidence necessary to meet this test involves the sound exercise of broad discretionary powers. Mobley v. Mobley, supra; Eatman v. Eatman, 75 Tex. 473, 12 S.W. 1107; Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891.

Plaintiff and defendant were married in 1936, and lived together as husband and wife until December 17, 1960, at which time they were permanently separated, and have not since lived together as husband and wife. No children were born to their marriage.

Plaintiff was principal of a school, and his wife was also a teacher in said school until May, 1960, when she was released from this position because of the trouble she was causing plaintiff and other members of the faculty, according to plaintiff's testimony. Since that time appellant has been a teacher in Chicago, Illinois.

There was testimony from plaintiff to the following effect: In October, 1958, plaintiff was informed by his doctor that he had a diabetic condition, and that defendant wrongfully accused plaintiff of being insane, further harassed plaintiff by

telling him he was insane and wrongfully accused him of having illicit reationships with his female faculty members and with his female students, and that such false accusations of insanity and infidelity and various displays of jealousy by defendant interfered with plaintiff's work as a principal in his school to such an extent that plaintiff almost lost his position with said school, and that such actions on the part of defendant made it necessary that both the plaintiff and defendant seek and receive care and treatment from a psychiatrist; that during the period from October, 1958, to December, 1960, the date of separation, defendant refused to prepare plaintiff's meals or to prepare the special dietetic food required by plaintiff by reason of his diabetic condition, and because of such failure plaintiff was forced to eat with his wife's nephew and niece, paying them weekly for food and services in his behalf; that defendant failed to perform any and all other duties of a wife during said aforementioned time, and left plaintiff's bed and board to live in Chicago, Illinois; that defendant cursed plaintiff; that in the fall of 1959 defendant falsely accused plaintiff of attempting to poison her; that on one occasion during said aforementioned period defendant called plaintiff's employer and also a deputy sheriff to unjustifiably accuse the plaintiff of being drunk. Plaintiff further testified to the effect that by reason of the various testified to acts of harassment, unjustified accusations and displays of emotion, that he was, and is, unable to continue living with defendant because of severe physical and psychological disabilities caused by such acts.

The testimony of plaintiff was in the main disputed by the testimony of the defendant. Only one other witness testified—such witness was a nephew of Leola McAfee, being the son of her brother. His testimony was in some respects favorable to appellant and in some respects favorable to appellee.

The trial court was the judge of the credibility of the witnesses and of the weight to be given to their testimony. The trial court had the parties before him; heard their testimony and the testimony of defendant's nephew; observed their demeanor; and as a result found appellee's version credible and granted him the divorce.

After carefully considering the entire record in this cause, we hold that there was ample evidence of probative force and that the same was full, clear and satisfactory and was sufficient to authorize the trial judge, in the exercise of the sound judicial discretion vested in him, to grant appellee a divorce from appellant on the ground of cruel treatment. In this connection see the following authorities: Lindsey v. Lindsey, Tex.Civ.App., 228 S.W. 2d 878; Turner v. Turner, Tex.Civ.App., 289 S.W.2d 836; Larson v. Larson, Tex. Civ.App., 292 S.W.2d 685.

The judgment of the trial court is affirmed.