Ralph C. ALEXANDER, Appellant,

v.

Iva Maurine ALEXANDER, Appellee.

No. 9.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 5, 1963.

Rehearing Denied Jan. 9, 1964.

George Shaffer, of Mahoney, Shaffer & Hatch, Corpus Christi, for appellant.

Royce C. Johnston, Kingsville, for appellee.

GREEN, Chief Justice.

This is an action for divorce, child custody and support, and division of property, real and personal, filed in the district court of Kleberg County, Texas, by appellee Iva Maurine Alexander against appellant Ralph C. Alexander, alleging cruel treatment of such a nature as to render their living together insupportable as ground for divorce.

The trial was to the court without a jury. Only the plaintiff testified as to facts causing the separation. Defendant did not testify or offer any evidence in rebuttal of plaintiff's testimony. Judgment was entered by the court granting the divorce, awarding plaintiff the custody of the only child under eighteen years of age, finding the realty involved to be community property, awarding plaintiff homestead rights in said realty until the youngest became twenty-one years of age, at which time it should belong one-half to each party, awarding the defendant an automobile, and granting an injunction per-

manently enjoining defendant from causing plaintiff any embarrassment or harassment.

Appellant's appeal is based on the following points: (1) That the evidence is insufficient in law to entitle appellee to a divorce; (2) that the realty involved was appellant's separate property, as shown by the undisputed evidence, and (3) that the trial court was without authority to divest title to one-half interest in appellant's separate realty out of appellant and vest same in appellee.

To these points the appellee replies (1) that the evidence was sufficient to justify the trial court in granting the divorce, and (2) that the final judgment, in so far as it disposed of the property involved, was a judgment by agreement and consent of the parties, and not subject to the attack made on it by appellant.

We shall first discuss appellant's point No. 1. We are of the opinion that the trial court did not, as a matter of law, err in finding that the appellee was entitled to a divorce.

■ To set out here in detail the testimony on which the trial court based his decision that divorce should be granted would add very little to the store of judicial literature. There are hundreds of opinions of our appellate courts in the Southwestern Reporter on the issues of sufficiency or insufficiency of the evidence to entitle a party to a divorce on the ground of cruel treatment under the statute. As stated by Chief Justice Murray in Guerra v. Guerra, (Tex.Civ.App., 1959) 327 S.W.2d 625, "Whether or not cruel treatment exists depends largely upon the peculiar facts in each case and it is difficult to lay down a general rule that applies to all cases."

A summary of the undisputed testimony as shown by the record shows the following facts. The parties had been married thirty-three years. Appellant constantly argued with and nagged appellee and she left him for short intervals four times, but having in mind the welfare of their children, she returned to him after each separation. In the last five years of their marriage during which time he was employed distant from their home, he contributed nothing toward the support of his family, except payments on taxes and insurance premiums, and the entire load of supporting herself and the younger children at home was upon her. He became unemployed in July, 1962, and returned to their home. He would not work, though his health was good. He acted indifferently toward her and the family as a whole. He would not take their young son to school on cold mornings, although he had nothing else to do, but insisted that she take him. He refused to help her around the house. He interfered in the peaceful operation of her beauty parlor business. He constantly argued with her. He condemned her unjustly and accused her of infidelity. His actions were such that she could not work while he was around. In view of his treatment of her and of the untrue accusations of infidelity, her health failed, and she became a nervous wreck. After the trial court had issued a restraining order enjoining him from causing her any harassment or embarrassment and from coming around her home or attempting to communicate with her in any way, she recovered her health. She testified that she could not under any circumstances ever live with appellant again as his wife.

We note that the trial judge, after hearing the uncontroverted evidence, not only granted the divorce, but also wrote into the decree a permanent injunction whereby, after finding that appellant had been harassing and abusing appellee and interfering with the peaceable conduct of her business, and unless permanently enjoined would continue to do so, the court permanently enjoined him from "bothering plaintiff by coming around her residence or about her person or attempting to communicate with her in any way, at any time and place, or causing her any harrassment or embarrassment."

It is true that for a divorce to be properly granted on the ground of cruelty, under Article 4629(1), acts constituting excesses, outrages or cruel treatment must be established by full, clear and satisfactory evidence. However, the sufficiency and weight of the evidence necessary to meet these requirements must of necessity be left to the sound discretion of the trier of facts, subject, of course, to review by the appellate courts. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Hogue v. Hogue, Tex. Civ.App., 242 S.W.2d 673; Mobley v. Mobley, Tex.Civ.App., 263 S.W.2d 794; Daughtry v. Daughtry, Tex.Civ.App., 312 S.W.2d 957; McGinnes v. McGinnes, Tex. Civ.App., 322 S.W.2d 417; Guerra v. Guerra, Tex.Civ.App., 327 S.W.2d 625; Batte v. Batte, Tex.Civ.App., 349 S.W.2d 112; Armstrong v. Armstrong, Tex.Civ.App., 350 S.W.2d 348.

As stated in McCullough v. McCullough, Sup.Ct., supra, "It is the settled law of this state that the cruel treatment provided by our statute as a ground for divorce is not confined to physical violence alone, but may consist of a series of studied and deliberate insults and provocations."

False charges of unchastity or infidelity made by a husband to his wife, or even a single deliberately false accusation, may constitute such cruelty as will entitle the wife to a divorce. Fomby v. Fomby, Tex.Civ.App., 329 S.W.2d 111; 20 Tex.Jur. 2d, Divorce and Separation, Sec. 20, p. 368.

From a careful examination of the entire record, we are convinced that the judgment of the trial court granting appellee a divorce is supported by full, clear and satisfactory evidence and should be sustained. Appellant's first point is overruled.

The transcript contains an original judgment approved by the attorneys for both parties and signed by the trial judge on March 29, 1963, showing exception and notice of appeal, a motion of appellee filed June 7, 1963, asking that the court enter a nunc pro tunc judgment in lieu of the first decree, and a nunc pro tunc judgment signed and approved by the same attorneys for both parties and signed by the trial judge on June 11, 1963, also containing exception and notice of appeal. The purpose of said second decree was to include the provision, inadvertently omitted from the order of March 29, 1963, that prior to the entry of the first decree, the parties and their lawyers, in open court, with the approval of the court, announced that all matters involved in this suit with the exception of the granting of the divorce had been agreed upon by the parties and their attorneys with the approval of the court, and that the judgment of the court, in disposing of all such issues except that of the divorce was an agreed judgment. Other than to include the fact of such agreement, the two decrees were identical.

The right of a court of record to enter judgments nunc pro tunc to correct mistakes in the record of their orders and make them conform to the truth is expressly provided by Rules 316 and 317, T.R.C.P. The opposite party must be given reasonable notice of the application, which notice is shown in this instance by the fact that the second decree was signed and approved by appellant's attorney of record.

The court was authorized to enter this nunc pro tunc judgment, and said decree became the judgment of the court in this cause. Tex.Jur.2d Vol. 3, Appeal and Error, Sec. 344, p. 603. Panhandle Constr. Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068; Bolling v. Rodriguez, Tex.Civ.App., 212 S.W.2d 838, writ ref. n. r. e.; Jeffersonian Club v. Waught, Tex.Civ.App., 217 S.W.2d 103; Campbell v. Hart, Tex.Civ. App., 256 S.W.2d 255, writ ref. n. r. e.

Appellant's second point is to the effect that the court erred in finding the realty involved in the suit to be community property when, as he contended, the undisputed evidence showed it to be his separate property. We overrule appellant on this point.

The realty, being three improved lots in Kingsville, Texas, for many years the homestead of these parties, was conveyed to appellant as his separate property in consideration of $1.00 paid from his separate estate and love and affection, by his parents S. Y. and Ellie Alexander, by deed dated January 23, 1934. Appellant on November 28, 1934, executed a deed to Ellie Alexander to this property for a loan of $650.00, though the deed said nothing about such loan. Thereafter, and the evidence is vague as to time, S. Y. and Ellie Alexander were divorced, and Ellie wanted payment of the debt owing her together with taxes she had paid on the property. Appellee, in 1938 or 1939, "in order to buy the house back," as she testified borrowed from S. Y. Alexander $720.00, receiving a check for this amount from him, which check was used by appellee to repay the debt to Ellie Alexander. Appellant and appellee, after paying Ellie Alexander, moved onto the premises. They were to pay this debt to S. Y. Alexander at $15.00 per month, presumably from community funds, as the record fails to show that either had any other income. By deed dated March 13, 1939, Ellie Alexander for a recited consideration of $650.00, conveyed the property to S. Y. Alexander, who, by deed dated January 27, 1944, for a recited consideration of $1.00, and love and affection, reconveyed it to appellant "as his separate property and estate."

In the meantime, appellant and appellee had been residing on the property as their home after paying the debt to Ellie Alexander with the money borrowed from S. Y. Alexander, and had been making payments from community funds to the latter. Appellee testified of two payments having been made, but did not remember whether all of this debt to S. Y. Alexander was ever paid. In 1941, appellant and appellee started making extensive improvements to the property, remodeling the house, adding bedrooms, a new bathroom and kitchen, and spending over $4,000.00 community funds, and she testified that as the result thereof, the value of the property was enhanced four fold. Most of these improvements were effected prior to the last deed from S. Y. Alexander, and at the time of this deed, appellant and appellee had been living on this realty as their home since 1938 or 1939.

The parties continued to use this property as their home to the time of their separation, December 31, 1962, and thereafter it served as home for appellee and two of her sons. In addition, for over five years to and including the time of the trial appellee used the garage apartment as the site for her beauty parlor business.

■■ Although the deeds to appellant, and it is the last deed of 1944 that he must depend on here, recite conveyance to him as separate property, such recitals are not conclusive of the true character of the transactions, and are subject to be overcome by evidence. 30 Tex.Jur.2d Husband and Wife, Sec. 182, and cases cited; Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900. Kearse v. Kearse, Com. of App., 276 S.W. 690; Morris v. Neie, 212 S.W.2d 981, Tex. Civ.App. wr. ref. n. r. e. The evidence detailed above was sufficient to create an issue on this matter in the trial court. The trial judge decided this issue by finding the realty to be community property. We find no reason to set aside his decision.

■ In addition to the above, according to the terms of the nunc pro tunc judgment as asserted by appellee in her second counter point, an agreement was reached in open court by the parties and approved by the court as to the nature and disposition of this property, and this decree was entered in accordance with such agreement and stipulation. The decree containing this agreement was signed and approved by the attorneys of record for both parties. It thus became a consent judgment as to all phases of the disposition of the case other than as to the matter of granting the divorce, which remained a contested issue. Under the provisions of the decree, the parties agreed that this property was communi-

ty property. Since that portion of the final decree which was made the subject of appellant's attack by his second point was based on the agreement of the parties made in open court entered of record in the court's decree, approved and signed by the attorneys of record for both parties, and approved by the court, the same is not subject to the attack here made on it by appellant. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786; Turman v. Turman, Com. of App., 123 Tex. 1, 64 S.W.2d 137; Rawlins v. Stahl, Tex.Civ.App., 329 S.W.2d 308, no writ history; Everette v. Everette, Tex.Civ.App., 309 S.W.2d 893; Gago v. Raines, Tex.Civ.App., 268 S.W.2d 724, n. w. h.; Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177, writ ref. n. r. e.; Bean v. S. W. Bell Telephone Co., et al., Tex.Civ. App., 164 S.W.2d 412, writ ref., want of merit; Posey v. Plains Pipe Line Co., Tex. Civ.App., 39 S.W.2d 1100, n. w. h.; Prince v. Frost John Lumber Co., Tex.Civ.App., 250 S.W. 785, n. w. h., 33 Tex.Jur.2d Judgments, Sec. 104, p. 622, Tex.Jur.2d Divorce and Separation, Sec. 417, pp. 41–42.

On the effect of consent judgments, Justice W. O. Murray, in Plumly v. Plumly, supra, said:

"The court approved this agreement, ordered a copy of it attached to the judgment * * * that part of the decree which settles the property rights of the parties, and provides for the support and maintenance of the children is based upon the agreement of the parties and is therefore an agreed judgment. That part of the judgment which was based upon the agreement of the parties is governed by the laws relating to contracts, rather than laws relating to judgments. * * * An agreed judgment is interpreted like a contract between the parties. * * * Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments."

Under the heading "Stipulation as to judgment", we quote from 3 Tex.Jur.2d, Appeal and Error, Sec. 213, p. 479, as follows:

"A stipulation by the parties to an action as to the nature and terms of the judgment to be entered constitutes a waiver of all nonjurisdictional errors committed by the court prior to the agreement and judgment and justifies its affirmance, if the agreement is based on a valid consideration and was not obtained by fraud, collusion, or the like."

Among authorities cited are Dunman v. Hartwell, 9 Tex. 495; Tait v. Matthews, 33 Tex. 112; McDaniel v. Monday, 35 Tex. 39; Wells v. Houston, Tex.Civ.App., 56 S.W. 233, no writ hist.; Thomas v. American Bldg. & Loan Ass'n, Tex.Civ.App., 70 S.W.2d 757, no writ history.

In Hodge v. Ellis, 154 Tex. 341, 277 S.W. 2d 900, p. 908, wherein the principal question at issue was community versus separate estate, Justice Garwood, in addressing himself to a point upon which he found that the appellants were taking a stand inconsistent with that asserted by them in the trial court, stated:

"In their pleadings in the trial court, the petitioners—defendants affirmatively conceded to him the full homestead rights, which his pleadings asserted, and did not repudiate that judicial admission until the appeal. The change of position came too late and cannot now be validated, so the judgments below in this respect must remain undisturbed."

We hold that the finding of the court that this realty was community property has sound basis in the evidence, and by the agreement of the parties. Appellant's second point is overruled.

Appellant concedes in his brief that the portion of Article 4638, Vernon's Ann.Tex.St. providing that a party can not

be compelled by divorce decree to divest himself or herself of the title to real estate applies only to separate property, and that community realty can be partitioned between parties in accordance with the findings of the court in a judgment of divorce. Hailey v. Hailey, 160 Tex. 372, 373, 331 S.W.2d 299; McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722. There was no error in the ruling of the trial court partitioning this realty equally between the parties after appellee's homestead rights granted by the decree had ceased.

The judgment of the trial court is affirmed.