Carolina S. MARTINEZ, Appellant,

v.

Jose MARTINEZ, Appellee.

No. 94.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 25, 1964.

O. B. Garcia of Garcia & Warburton, Brownsville, for appellant.

L. G. Mathews of Mathews & Walsh, Brownsville, for appellee.

NYE, Justice.

Jose Martinez sued his wife Carolina S. Martinez for a divorce upon the ground of cruel treatment. The trial was before the court without the intervention of a jury and judgment was rendered granting the plaintiff-appellee a divorce. The wife, Carolina S. Martinez, has appealed. The appellant's three points on appeal attack the sufficiency of the evidence. The appellee failed to file a brief and neither party orally argued their case before the Court of Civil Appeals.

Rule 419, Texas Rules of Civil Procedure, permits the appellate court to accept as correct any unchallenged statement made by the appellant in his original brief as to the facts or the record. Gonzales v. Gonzales, 224 S.W.2d 520 (Tex. Civ.App.1949, wr. ref.). However, where the appellant refers us to sufficient facts to support the judgment for a divorce we are not bound to accept as correct the conclusions of the appellant that such facts are not sufficient to support the judgment for divorce. The facts upon which the divorce was granted are taken from the appellant's brief and the references made by the appellant to the Statement of Facts. We have, however, read the entire Statement of Facts.

The appellee-husband alleged as grounds for divorce that the appellant-wife was guilty of cruel, harsh and inhuman conduct and treatment which rendered living with her insupportable. He accused her of refusing to cook or properly prepare his meals after he lost his eyesight, and of cursing, abusing, slapping and hitting him; telling him that he was worthless; and that she treated him with silence and contempt.

The marriage was the second for both parties, each having children by a previous marriage. There were no children born as issue of the marriage, nor was there community property subject to division. The parties were married in June, 1957, and lived together as husband and wife until June, 1963. Shortly after their marriage the appellee was admitted to a hospital in Harlingen where he stayed for a year and eight months. After he was dismissed, he became blind. The husband testified that he and his wife fought all the time; that she cursed him, calling him a pimp and a son-of-a-bitch; that she never let him touch her; that his daughter prepared his meals because his wife had business elsewhere; and that he could not possibly live with her. The daughter testified, without contradiction or objection, that her father and the appellant fought and that the appellant called him: "You stupid old man!", "you animal!", "You're no good!". The appellee's brother testified that he visited the appellee's home two or three times a week; that the appellant and the appellee were always fighting; that they quarrelled about the food and that the appellant cursed him. The appellee, his brother and his eighteen-year old daughter were the only parties to testify at the trial.

Appellant argues that the testimony consisted only of several isolated acts of cruelty, supposedly consisting of fighting between the parties; the fact that the wife ran the husband off the home; and that the husband finally left because she refused to care for him. Appellant further argues that the appellee's testimony and that of his daughter and brother reflects on cross-examination that the quarrelling and bickering was mutual and as much the fault of one as the other. Appellant complains that appellee did not testify that he did not provoke or participate in the alleged acts of cruelty of the wife. The appellant-wife, although present during the course of the trial, did not testify or offer any evidence in defense or rebuttal to the appellee's testimony or his witnesses' testimony. Where

one spouse hears the other testify and makes no objection nor offers any testimony on her own part or from other witnesses, there is an inference that she could not deny the testimony of her spouse. 20 Tex. Jur.2d, § 139 at 483.

 Article 4632, Vernon's Ann.Tex. Civ.St., directs that the decree of the court shall be rendered upon full and satisfactory evidence. Cruel treatment, within the meaning of Article 4629, V.A.T.S., is a relative term and may consist of innumerable acts or combinations of misconduct. Counts v. Counts, 358 S.W.2d 192 at 198 (Tex.Civ.App.1962, Dis.). The appellee was blind, his wife was away a good deal of the time, his daughter was required to look after him, and the wife used vulgar and vociferous language to him. Facts such as these would be cruelty against one person, whereas, similar facts might not be cruelty against another. Daughtry v. Daughtry, 312 S.W.2d 957 (Tex.Civ.App. 1958). We are not unmindful of the rule, generally speaking, that profane and abusive language used occasionally, which does not attack the chastity of the spouse, standing alone, does not ordinarily justify a divorce. However, the reaction to various defamatory or vociferous language is strictly personal to the aggrieved spouse, and the reaction and feeling to constitute cruel treatment may be greater to one party under one set of circumstances than to another under a different set of facts. The nature, extent and the circumstances under which the acts of cruelty are committed, in order to be sufficient to constitute such cruelty as to entitle the husband to a divorce, must be determined by the peculiar facts in each case. Mobley v. Mobley, 263 S.W.2d 794 (Tex.Civ.App. 1953); McAfee v. McAfee, 369 S.W.2d 669 (Tex.Civ.App.1963); Guerra v. Guerra, 327 S.W.2d 625 (Tex.Civ.App.1959). The determination as to the quantum and weight of the evidence necessary to meet the test of sufficient evidence to establish mental cruelty involves the sound exercise of broad discretionary powers of the trier of facts, subject to review by the appellate court. Alexander v. Alexander, 373 S.W. 2d 800 (Tex.Civ.App.1963).

 The trial court was the judge of the credibility of the witnesses and of the weight to be given their testimony. The court had the parties before him, heard the testimony, observed their demeanor, and as a result, found appellee was entitled to a divorce. McAfee v. McAfee, supra.

We hold that the facts referred to us by the appellant, under the circumstances that existed between the parties, constitute ample evidence of probative force to entitle the appellee to a divorce from the appellant.

The judgment of the trial court is affirmed.