Ethel Irene McGLATHERY, Appellant,

v.

C. M. McGLATHERY, Appellee.

No. 7853.

Court of Civil Appeals of Texas.

Amarillo.

May 20, 1968.

from a judgment for divorce awarded C. M. McGlathery against her in a case tried to the court. Their community property was also divided between them in the decree. Appellant's first point asserts "* * the evidence adduced from the trial was insufficient to show appellant had been guilty of such cruel treatment toward appellee as to render their living together insupportable."

Art. 4632 [1] provides, inter alia, that: "In divorce suits * * * the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition." Paragraph III of the petition alleged: "Plaintiff has conducted himself with propriety, doing his duty as a husband, treating defendant with kindness, but, notwithstanding his conduct, defendant has been guilty of such cruelty and excesses toward this plaintiff as to render their further living together insupportable."

A general denial was pleaded against the third paragraph of the petition, thereby joining issue upon such allegation.

Art. 4629 relates six grounds upon which a divorce may be granted in Texas. The first one provides: "A divorce may be decreed * * *:

(1) where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable;"

■ Obviously the allegations of plaintiff's petition based its grounds for divorce upon No. (1) just quoted of the six statutory grounds, so we must examine the evidence to determine if it was sufficient. In doing so there are some established general legal principles by which we must be guided. The case law appears to be uniform in holding a trial court and appellate court must require compliance with that part of Art. 4632 providing the decree of divorce

Miller, Sanders, Baker & Miller, Amarillo, Oth Miller, Amarillo, of counsel, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, C. J. Humphrey, Amarillo, of counsel, for appellee.

CHAPMAN, Justice.

This case is before us upon appeal by Ethel Irene McGlathery, defendant below

1. All article references are to Vernon's Texas Civil Statutes.

shall be rendered upon full and satisfactory evidence. Hickman v. Hickman, 20 S.W. 2d 1073 (Tex.Civ.App.—Waco, 1929, n.w. h.); Scannell v. Scannell, 117 S.W.2d 538 (Tex.Civ.App.—Fort Worth, 1938, n.w.h.); Kreiter v. Kreiter, 137 S.W.2d 184 (Tex. Civ.App.—Galveston, 1940, n.w.h.); McGinnes v. McGinnes, 322 S.W.2d 417 (Tex.Civ.App.—Austin, 1959, n.w.h.).

It has been held that the "full and satisfactory evidence" provided in Art. 4632 is directed to the mind of the court. McGinnes v. McGinnes, supra; Moore v. Moore, 22 Tex. 237.

■ Evidence may be full and satisfactory even though not uncontradicted, Gomez v. Gomez, 234 S.W.2d 941 (Tex.Civ. App.—El Paso, 1950), and it may have this quality even though the evidence be only the uncorroborated testimony of one of the spouses contradicted by the other. Gomez v. Gomez, supra; Mayen v. Mayen, 177 S. W.2d 240 (Tex.Civ.App.—El Paso, 1943, n.w.h.); Mortensen v. Mortensen, 186 S. W.2d 297 (Tex.Civ.App.—San Antonio, 1945, n.w.h.); Humphreys v. Humphreys, 200 S.W.2d 453 (Tex.Civ.App.—Texarkana, 1947, n.w.h.).

In Mortensen v. Mortensen, supra, the Court of Civil Appeals of San Antonio speaking through Mr. Justice Norvell now of our Supreme Court held: "* * * we take it that the rule is that this court may examine the statement of facts to determine whether or not the evidence is full and satisfactory. In so doing, we are not necessarily bound by the trial court's findings although they are entitled to great deference by this court. When, however, in making this examination, we are confronted by testimony of one witness which is directly contradicted by that of another witness, we must accept the trial court's decision upon the point, as we possess no authority to pass upon the credibility of witnesses and the weight to be given their testimony." The same court speaking through the same justice in Ellis v. Ellis, 225 S.W.2d 216 (Tex.Civ.App., 1949) also held it is the duty of the trial judge to pass upon the credibility of the witnesses. For other cases holding that the fact finder, whether the court or jury, has wide discretion in resolving the credibility of contradicting witnesses see Harrell v. Harrell, 206 S.W.2d 109 (Tex.Civ.App.—Galveston, 1947); Kreiter v. Kreiter, supra; Scannell v. Scannell, supra; Hickman v. Hickman, supra.

Our court has held that it is impossible to lay down a precise rule by which a given state of facts discloses cruelty but that the true test is whether the treatment rendered further living together insupportable. Ingham v. Ingham, 240 S.W.2d 409 (Tex. Civ.App., 1951); citing McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459 (Tex.Com.App., Sec. A, 1931, opinion adopted). Our court in the same case also held the term "insupportable" is that which is incapable of being supported or borne, unendurable, insufferable, intolerable, citing Bobbitt v. Bobbitt, 291 S.W. 964 (Tex. Civ.App.—Dallas, 1927).

Keeping in mind the above rules, the evidence shows that the parties were not living together normally as husband and wife, had occupied separate bedrooms since 1962, and were just tolerating each other. He was cooking his own breakfast, preparing his lunch and part of the time they were going out for their evening meal. After their bank account was depleted in buying new clothes and attending their son's wedding in California, appellee's wife gave a check on their joint account for a new refrigerator without discussing the purchase with him, knowing the account contained only about $30.00. The check was returned for insufficient funds and a few days later she gave other checks for taxes on the defunct account, causing those checks to also be returned and consequent further embarrassment to him. She then called his superior at the Air Base where he was employed and told him her husband would not pay his debts. When he tried to

talk to her about such call she told him she was going to make him cough up "* * * some of that money," and continued to make calls to his superior.

On the 11th of November, 1966, while he was sitting in the den of their home on a holiday where the T.V. was located his wife came in and said: "Why don't you get up and find you a place to live," which he did. About two or three months after he moved out of their home, at her suggestion, she had the police get him out of bed at 3:15 A.M. to come to their house. Mrs. McGlathery suffers with a rare disease called myosinia graphos and contended she called him because she was having a crisis. He testified after he went over to their house she refused to go to a hospital, that he observed no crisis, there was no reason for getting him out of bed at that time of the morning, and she told him, "I can get a-hold of you, I know how to get a-hold of you."

After hearing all the testimony of the husband and wife, the only witnesses, the trial court announced to the parties, "I think the testimony shows cruel treatment is such as to render their further living together insupportable."

In most respects the material testimony showing a deliberate and premeditated harassment was contradicted by Mrs. McGlathery. The trial court obviously resolved the credibility in favor of the husband, as it had the right to do under the authority of the Mortensen and Ellis cases above cited.

■ Mr. McGlathery further testified he found out he was losing weight and "* * * * it wasn't anything but the condition under which I was living." The record shows he was 61 years of age and was a civil service employee with 27 years of tenure. It is difficult for us to envision conduct short of physical violence which would be more calculated to make further living together insupportable than to give checks knowing they would be returned because of insufficient funds and then to call her husband's superiors at his place of employment and tell them he would not pay his debts. It is common knowledge that a man of his age who had been in civil service employment for 27 years would have difficulty, if discharged, of finding gainful employment. We hold the "full and satisfactory evidence" requirement of Art. 4632 was sufficient upon which the trial court could base its finding that "* * * the testimony shows cruel treatment is such as to render their further living together insupportable."

■ Determination as to quantum and weight of the evidence necessary to meet the test just quoted from Art. 4632 involves the sound exercise of broad discretionary powers of the trier of facts. Martinez v. Martinez, 384 S.W.2d 924 (Tex. Civ.App.—Corpus Christi, 1964, n.w.h.), and may consist of a series of studied and deliberate provocations. Alexander v. Alexander, 373 S.W.2d 800 (Tex.Civ.App.— Corpus Christi, 1963, n.w.h.).

The trial judge had the parties before him, heard their testimony, and observed their demeanor. Having found Mr. McGlathery was entitled to a divorce, we do not feel justified in holding he abused his discretion. McAfee v. McAfee, 369 S.W. 2d 669 (Tex.Civ.App.—Texarkana, 1963, n.w.h.). Therefore, point one is overruled.

Appellant's only other point asserts abuse of discretion by the court in awarding only an undivided ½ interest in the family homestead. It is true the trial court awarded each party an undivided ½ interest in their home but he provided in the decree that Mrs. McGlathery should have the privilege of using it as her home so long as she desires to reside there.

■ The record showed appellee had in his possession from the community approx-

imately $180.00 in cash and no other community property except a few household items valued at $300.00 and a 1965 Pontiac. The home shows to be valued at $15,000.00, the furniture, furnishings and appliances located therein at $3,000.00 and the 1963 Pontiac in possession of appellant at $350.-00. All such personal property was awarded to appellant outright by the court and an additional amount of $3,969.60 savings in First Federal Savings and Loan Association of Amarillo. As against the more than $7,000.00 of personal property just enumerated appellee was awarded the 1965 Pontiac valued at $1,300.00, the $180.00 cash on his person, and household furnishings valued at $300.00, or a total of $1,-780.00 of personal property as against more than $7,000.00 of personal property awarded to appellant. Considering this unequal distribution of personal property, and the right to the use of the $15,000.00 home as long as Mrs. McGlathery desired to live in it, we can not say the court abused its discretion in refusing to award more than the ½ undivided title interest in the home to appellant.

As in the divorce itself, the trial court has broad discretion in division of community property, which will not be disturbed by an appellate court in the absence of a showing of an abuse of discretion at the trial level. Hayes v. Hayes, 378 S.W.2d 375 (Tex.Civ.App.—Corpus Christi, 1964, writ dism'd); Grant v. Grant, 351 S.W.2d 897 (Tex.Civ.App.—Waco, 1961, writ dism'd); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth, 1963, writ dism'd); White v. White, 380 S.W.2d 672 (Tex.Civ.App.—Tyler, 1964, writ ref'd, n. r.e.); Swenson v. Swenson, 406 S.W.2d 245 (Tex.Civ.App.—Eastland, 1966).

Believing no such abuse is shown in the record, either in the granting of the divorce or in the division of the community property, the judgment of the trial court is affirmed.